Andrew F. Pierce, Esq. (State Bar No. 101889)
Stacy North, Esq. (State Bar No. 219034)
PIERCE & SHEARER LLP
2483 E. Bayshore Road, Suite 202
Palo Alto, CA 94303
Phone (650) 843-1900
Fax    (650) 843-1999
Email: apierce@piercesherear.com
       stacy@piercesherear.com

Attorneys for Plaintiff Joseph Ciampi

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| JOSEPH CIAMPI<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PALO ALTO, a government entity; LYNNE JOHNSON, an individual; CHIEF DENNIS BURNS, an individual; OFFICER KELLY BURGER, an individual; OFFICER MANUEL TEMORES, an individual; OFFICER APRIL WAGNER, an individual; AGENT DAN RYAN; SERGEANT NATASHA POWERS, an individual.<br><br>Defendants. | Case No. C09 02655<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**<br><br>**(Demand for Jury Trial)** |

Plaintiff JOSEPH CIAMPI hereby complains against Defendants CITY OF PALO ALTO, CHIEF LYNNE JOHNSON, CHIEF DENNIS BURNS, OFFICER KELLY BURGER, OFFICER MANUEL TEMORES, OFFICER APRIL WAGNER, AGENT DAN RYAN, and DOES 1-30, inclusive (collectively "Defendants") as follows:

1

COMPLAINT FOR DAMAGES (JURY TRIAL DEMANDED)
CIAMPI v. CITY OF PALO ALTO ET AL

# THE PARTIES

1. Plaintiff Joseph Ciampi ("Plaintiff") is and was at all relevant times an individual residing in Santa Clara County. Plaintiff is an Army veteran who is undergoing treatment by the VA Hospital for a skin condition.

2. Defendant City of Palo Alto (the "City") is and was at all relevant times a government entity within Santa Clara County, California, which operates and governs the Palo Alto Police Department.

3. Defendant Lynne Johnson ("Johnson") was at all relevant times an individual employed by the City as Chief of Police with the Palo Alto Police Department acting under color of law and in the course and scope of her employment.

4. Defendant Dennis Burns ("Burns") is and was at all relevant times an individual employed by the City as Assistant Chief of Police for the Palo Alto Police Department acting under color of law and in the course and scope of his employment.

5. Defendant Officer Kelly Burger ("Burger") is and was at all relevant times an individual employed by the City as an Officer for the Palo Alto Police Department and acting under the color of law and in the course and scope of her employment.

6. Defendant Officer Manuel Temores ("Temores") is and was at all relevant times an individual employed by the City as an Officer for the Palo Alto Police Department and acting under the color of law and in the course and scope of his employment.

7. Defendant Officer April Wagner ("Wagner") is and was at all relevant times an individual employed by the City as an Officer for the Palo Alto Police Department and acting under the color of law and in the course and scope of her employment.

8. Defendants Burger, Temores, and Wagner are collectively referred to herein as (the "Police Officers").

2

COMPLAINT FOR DAMAGES (JURY TRIAL DEMANDED)
CIAMPI v. CITY OF PALO ALTO ET AL.

9. Defendant Sergeant Natasha Powers ("Powers") is and was at all relevant times an individual employed by the City as an Officer for the Palo Alto Police Department and acting under color of law and in the course and scope of her employment.

10. Defendant Agent Dan Ryan ("Ryan") is and was at all relevant times an individual employed by the City as an Agent for the Palo Alto Police Department and acting under color of law and in the course and scope of his employment.

11. Plaintiff is informed and believes and thereon alleges that at all relevant times, each of the above-named Defendants was the agent or principal of the other Defendants and acted within the course and scope of such agency and/or employment. Plaintiff is informed and believes and thereon alleges that each and every wrongful act by Defendants complained of herein was done with the approval, express or implied, of each of the other Defendants, and each Defendant has ratified and approved the acts and omissions of each of the others.

## JURISDICTION AND VENUE

12. Plaintiff brings this action against Defendants to redress the deprivation of rights secured him by the Fourth Amendment, Fourteenth Amendment, Due Process Clause and Equal Protection Clause of the US Constitution, 42 U.S.C. § 1983, and California common law.

13. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1343(a)(3), and 42 U.S.C. § 1983.

14. Plaintiff also invokes supplemental jurisdiction over Plaintiff's state law claims against Defendants for common law violations pursuant to 28 U.S.C. § 1367 as the common law claims form part of the same case or controversy.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions that give rise to Plaintiff's claims occurred in Santa Clara County.

## ALLEGATIONS COMMON TO ALL COUNTS

16. On the morning of March 15, 2008, Plaintiff Ciampi was sleeping in his vehicle, a 1985 Dodge Ram Van, which was parked on Lincoln Street in a residential neighborhood in Palo Alto, California.

17. That morning, a Palo Alto resident, Ken Alsman, called the Palo Alto Police Department to complain about a man sleeping in his van outside of his home. Sleeping in a vehicle, as Plaintiff was doing, does not violate any law or ordinance.

18. Defendants Wagner, Temores and Burger responded to the call. About 10:00 a.m. that morning, Wagner and Temores approached Plaintiff's vehicle. Defendant Wagner unlawfully began to open the rear side door, without first knocking on the door of the vehicle, or requesting permission to enter. Plaintiff promptly closed the door from inside the van and locked it.

19. Defendant Wagner demanded that Plaintiff exit the vehicle. Plaintiff rightfully refused.

20. Defendants Temores and Wagner told the Plaintiff that he was in violation of a City Municipal Code. Plaintiff was unaware of any such Municipal Code. Plaintiff stated to Defendants Temores and Wagner that no such ordinance existed. Plaintiff continued to rightfully refuse to exit the vehicle.

21. To coerce Plaintiff out of the vehicle, Defendant Wagner and Defendant Temores threatened to call a tow truck unless Plaintiff exited the vehicle. Defendants Wagner and Temores then unlawfully pretended to make a radio call for a tow truck.

22. Believing that Wagner and Temores had called a tow truck, Plaintiff opened the van door. He told Defendants Wagner and Temores that he was not in violation of any Law, Ordinance or Municipal Code, and that Defendants had no reason to make him exit his vehicle. Plaintiff demanded to know what ordinance he was violating. Defendants Temores and Wagner refused to tell Plaintiff specifically what ordinance he was allegedly violating. Instead, Officer

4
COMPLAINT FOR DAMAGES (JURY TRIAL DEMANDED)
CIAMPI v. CITY OF PALO ALTO ET AL

Wagner repeatedly accused Plaintiff of being in violation of a "Sleeping Ordinance", but no such ordinance existed.

23. Defendant Temores falsely accused Plaintiff of being a heroin addict, which Plaintiff vehemently denied.

24. Defendant Burger then arrived at the scene and placed Plaintiff under arrest without probable cause.

25. Plaintiff used a cell phone in an attempt to call for help when Defendants Burger and Temores drew and threatened to use their Taser guns on Plaintiff. Defendants then unlawfully yanked Plaintiff out of the van.

26. Plaintiff was standing still on the sidewalk facing Defendant Burger. Defendant Burger was aiming the laser dot from Defendant's Taser gun into Plaintiff's eyes. Without warning, Defendant Burger fired his Taser gun at the Plaintiff's face while Plaintiff had his hands in the air. Plaintiff blocked one of the Taser probes with his left arm, and the top of the Taser probe lodged into the left arm just below Plaintiff's wrist.

27. The bottom Taser probe grazed Plaintiff's chin causing a small cut. Defendant Burger proceeded to unlawfully shock Plaintiff repeatedly with electricity although Plaintiff was not resisting or fleeing. Plaintiff pleaded with Defendant Burger to stop shocking Plaintiff, however Defendant Burger would not stop.

28. In extreme pain from the electrical charge flowing into Plaintiff's body and in fear of incurring great bodily harm and/or death, Plaintiff attempted to dislodge the Taser gun from Defendant Burger's hand. The electrical shock ceased and Defendants Wagner and Temores unlawfully grabbed Plaintiff from each side. Plaintiff did not resist or flee.

29. Then, without any provocation, Defendant Burger pulled the trigger on his Taser gun sending an electrical charge into Plaintiff's body. Out of fear of serious bodily injury and or death, Plaintiff attempted to flee from Defendants Wagner, Temores and Burger.

5
COMPLAINT FOR DAMAGES (JURY TRIAL DEMANDED)
CIAMPI v. CITY OF PALO ALTO ET AL

30. Defendant Temores deployed and activated his Taser gun on Plaintiff's body at the same time as Defendant Burger. Defendant Temores attempted to shock Plaintiff in the genitals but, instead, hit him in the leg and groin area.

31. Defendants Temores and Burger shocked Plaintiff with their Taser guns for approximately thirty seconds, despite Plaintiff pleading with Defendants Temores and Burger to stop.

32. Defendants Temores, Burger and Wagner then proceeded to kick and hit Plaintiff. Defendant Wagner struck Plaintiff with her fist. Defendant Burger threw Plaintiff onto the ground.

33. Defendant Burger then unlawfully placed handcuffs on Plaintiff.

34. Plaintiff was wrongfully arrested for felony assault on a police officer and resisting arrest. Plaintiff's charges were later amended to felony resisting arrest.

35. In order to conceal the unlawful acts committed by Defendants Burger, Temores, and Wagner, and to perpetuate the malicious prosecution of Plaintiff, Sergeant Powers intentionally and knowingly submitted a falsified and fabricated report containing the deployment and activation information from Defendant's Burger's and Temores' Taser guns to the Santa Clara County District Attorney with the intent of having Plaintiff falsely convicted of a crime.

36. In order to conceal the unlawful acts committed by Defendants Burger, Temores and Wagner, and to falsely and wrongfully incriminate Plaintiff, Defendants Temores and Burger gave false testimony under oath during Plaintiff's case (*People v. Ciampi,* case no. BB833050).

37. In order to conceal the unlawful acts committed upon Plaintiff and to perpetuate the malicious prosecution of Plaintiff, Defendants engaged in a pattern of withholding and suppressing evidence from the Plaintiff and the Court.

38. In order to conceal the unlawful acts committed upon Plaintiff and to perpetuate the malicious prosecution of Plaintiff, Defendants unlawfully altered four audio/video recordings

that captured the incident and two Taser gun Data File reports that recorded the deployment and activation information of the two Taser guns.

39. In order to conceal the unlawful acts committed upon Plaintiff and to perpetuate the malicious prosecution of Plaintiff, Defendant Temores removed evidence, (Taser cartridge, probes, wires, blast doors and aphids) from the crimes scene without securing the evidence into the property room or documenting the evidence in his report.

40. On December 17, 2008, Judge Thang Barrett of the Superior Court of the State of California, County of Santa Clara, heard Plaintiff's case (*People v. Ciampi*, case no. BB833050). Judge Barrett dismissed all charges against Plaintiff. Judge Barrett specifically found that: (1) Plaintiff did not violate an ordinance; (2) Police Officers accused Plaintiff of a violation of a nonexistent ordinance; (3) Police Officers resorted to an unlawful "ruse" to coerce defendant to come out of his van after he expressly refused to exit; and (4) Plaintiff had a right to refuse to talk to the Police Officers. Judge Barrett further held that a finding that the ruse was unlawful was determinative of the case. As such, the Court did not address the remaining issues regarding excessive or unreasonable force and obstruction of justice by defendants

41. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered severe pain from, *inter alia*, being shocked with electricity, being kicked and hit, suffering puncture wounds from the Taser and scrapes and bruises to his arms, face and legs. Plaintiff has suffered and continues to suffer injury to his reputation, severe emotional distress, embarrassment, humiliation, anxiety, fear and anguish, and now lives in constant fear for his safety and of being persecuted by Defendants in the future all to his damage in an amount according to proof

42. On or about September 12, 2008, Plaintiff notified the City, pursuant with the California Tort Claims Act, Government Code § 900, *et seq.*, of the facts underlying Plaintiff's claims against the City and its agents. On or about October 15, 2008, the City rejected Plaintiff's

7
COMPLAINT FOR DAMAGES (JURY TRIAL DEMANDED)
CIAMPI v. CITY OF PALO ALTO ET AL

claims and offered no compensation in response. As a result of the pending criminal charges, Plaintiff's statute of limitation was tolled (California Government Code 945.3).

### FIRST CAUSE OF ACTION
### (VIOLATION OF CIVIL RIGHTS, 42 U.S.C. §1983)
### (Against All Defendants)

43. Plaintiff re-alleges and incorporates herein by reference all preceding paragraphs of the Complaint.

44. Section 1983 creates an action for damages against individuals and local governmental bodies who deprive a plaintiff of rights, privileges or immunities secured by the Constitution and laws.

45. Defendants conducted, as described herein, violated Plaintiff's rights as guaranteed by the First Amendment, Fourth Amendment, Fourteenth Amendment, Due Process Clause and Equal Protection Clause of the United State Constitution.

46. Defendants' conduct, as described herein, constitutes an unlawful arrest, unreasonable and excessive use of force and deprivation of liberty without due process of law under color of state law. In addition, Defendants' conduct, as described herein, constitutes a deprivation of Plaintiff's right to be free from an unlawful entry, an unlawful arrest, and unreasonable searches and seizures, and the right to be free from interference with the zone of privacy. In addition, Defendants' conduct, as described herein, further constitutes obstruction of justice with the malicious intent to deprive Plaintiff of his rights to due process and equal protection of the law.

47. Each of the Defendants was involved in and encouraged the other Defendants' deprivation of Plaintiff's rights as alleged herein.

48. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered severe pain from, *inter alia*, being shocked with electricity, being kicked and hit, and suffering puncture wounds from the taser, scrapes and bruises to arms and face. Plaintiff has suffered and continues to suffer injury to his reputation, severe emotional distress, embarrassment,

humiliation, anxiety, fear and anguish, and now lives in constant fear for his safety and of being maliciously prosecuted by Defendants in the future all to his damage in an amount according to proof.

49. Defendants acted with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiff, entitling Plaintiff to punitive damages against the Police Officers, Johnson, Burns, Powers and Does 1-30.

50. Upon information and belief, at all relevant times, the City, Johnson and Burns permitted and tolerated a pattern and practice of unreasonable searches and seizures, unreasonable and excessive use of force and obstruction of justice by police officers.

51. Upon information and belief, the City, Johnson and Burns have maintained a system of review of police conduct that is so untimely and cursory as to be ineffective.

52. The City, Johnson and Burns, by and through their supervisory employees and officials, had been given notice of a pattern of ongoing constitutional violations and practices by Defendant Police Officers, including the use of excessive force and obstruction of justice. Despite such notice, Defendants the City, Johnson and Burns demonstrated the deliberate indifference to this pattern and these practices of constitutional violations by failing to take necessary, appropriate or adequate measure to prevent the continued perpetuation of said pattern of conduct by the individual Defendants. This lack of an adequate supervisory response by Defendant the City, Johnson and Burns demonstrates the existence of an informal custom or policy that tolerates and promotes the obstruction of justice, the use of excessive force and violations of civil rights of residents by Defendants. This lack of a response impliedly authorized Defendants' continued abuse of their status as police officers and their use and control of Palo Alto Police Department weapons to terrorize unarmed private citizens.

53. The City, Johnson and Burns have also failed to properly investigate citizen complaints made against their employee officers. This failure results from a systematic inability

and unwillingness of the department to police itself and to be accountable for the illegal acts of its officers. Investigations that are conducted are done so in a perfunctory manner and are not handled objectively. Consequently, the Defendant Police Officers are not properly disciplined, retrained, reassigned, demoted, or discharged because the department intentionally fails to identify and follow-up on instances where excessive force and other unconstitutional violations are alleged.

54. The acts of the Police Officers, Powers and Does herein are the direct and proximate result of the deliberate indifference of Defendants the City, Johnson and Burns and their supervisory officials and employees as to violations of constitutional rights of citizens by Defendants. The Plaintiff's injuries were foreseeable and a proximate result of the deliberate indifference of the City, Johnson and Burns to the pattern, practices, customs and polices described above.

55. The acts, omissions, systemic flaws, policies, and customs of the City caused police officers to believe that the excessive and unreasonable use of force would not be aggressively, honestly, and properly investigated, with the foreseeable result that officers are more likely to use excessive or unreasonable forces against Plaintiff and others in the future.

56. This policy and practice of the City encouraged and caused constitutional violations by police officers, including the violation of Plaintiff's constitutional rights by the Police Officers, Johnson, Burns, Powers and Does described herein.

57. At all relevant times, the Police Officers were acting within the scope of their employment and pursuant to the aforementioned policies and practices of the City.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SECOND CAUSE OF ACTION
### (Assault and Battery)
### (Against the Police Officers, the City, and DOES 1-10)

58. Plaintiff re-alleges and incorporates herein by reference all preceding paragraphs of the Complaint.

10
COMPLAINT FOR DAMAGES (JURY TRIAL DEMANDED)
CIAMPI v. CITY OF PALO ALTO ET AL

59. As set forth above, the Police Officers maliciously seized, battered, and assaulted Plaintiff.

60. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered severe pain from, *inter alia*, being shocked with electricity, being kicked and hit, and suffering puncture wounds from the taser, scrapes and bruises to arms and face. Plaintiff has suffered and continues to suffer injury to his reputation, severe emotional distress, embarrassment, humiliation, anxiety, fear and anguish, and now lives in constant fear for his safety and of being maliciously prosecuted by Defendants in the future all to his damage in an amount according to proof

61. The Police Officers acted with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiff, entitling Plaintiff to punitive damages against the Police Officers.

62. At all relevant times, the Police Officers were acting within the scope of their employment and pursuant to the aforementioned policies and practices of the City.

### THIRD CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against All Defendants)

63. Plaintiff re-alleges and incorporates herein by reference all preceding paragraphs of the Complaint.

64. In doing each and all of the acts alleged herein, the Police Officers, while acting as agents and employees for the City, engaged in a course of conduct that was intentional, extreme and outrageous.

65. Defendants engaged in this course of conduct with wanton and reckless disregard for the harm or injury that might result to Plaintiff.

66. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered severe pain from, *inter alia*, being shocked with electricity, being kicked and hit, and suffering puncture wounds from the taser, scrapes and bruises to arms and face. Plaintiff has suffered and

continues to suffer injury to his reputation, severe emotional distress, embarrassment, humiliation, anxiety, fear and anguish, and now lives in constant fear for his safety and of being maliciously prosecuted by Defendants in the future all to his damage in an amount according to proof.

67. Defendants acted with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the safety and rights of Plaintiff, entitling Plaintiff to punitive damages.

68. At all relevant times, the Police Officers were acting within the scope of their employment and pursuant to the aforementioned policies and practices of the City.

### FOURTH CAUSE OF ACTION
### (Negligence)
### (Against All Defendants)

69. Plaintiff re-alleges and incorporates herein by reference all preceding paragraphs of the Complaint.

70. The Police Officers, while acting as agents and employees for the City, owed a duty to Plaintiff to perform their police duties without unreasonable searches and seizures and without excessive force.

71. The Police Officers, while acting as agents and employees for the City, breached this duty by negligently failing to ascertain that the situation did not permit the Police Officers to use force.

72. The Police Officers, while acting as agents and employees for the City, further breached this duty by unreasonably searching and seizing Plaintiff without probable cause.

73. As a legal and proximate result of Defendants' negligence, Plaintiff has suffered and continues to suffer damages, including but not limited to, severe emotional distress, embarrassment, humiliation, anxiety, fear and anguish.

74. Defendants' violations of Plaintiff's rights, including without limitation the assault and battery and unreasonable search and seizure, was done with wanton indifference to

and deliberate disregard for the safety and rights of Plaintiff, entitling Plaintiff to punitive damages.

75. The City owed Plaintiff a duty to train, supervise and otherwise control the Police Officers in the use of force and other matters incidental to the exercise of police functions.

76. The City breached its duty by failing to provide adequate training, supervision, and control of the Police Officers.

77. As a legal and proximate cause of the City's negligence, Plaintiff has suffered damages, including but not limited to, injury to Plaintiff's mental peace and comfort, severe emotional distress, embarrassment, humiliation and anguish.

## FIFTH CAUSE OF ACTION
### (Defamation)
### (Against Defendants Burns, Johnson, Ryan, the City, and DOES 20-30)

78. Plaintiff re-alleges and incorporates herein by reference all preceding paragraphs of the Complaint.

79. Among other things, Defendants caused to be published false and unprivileged statements tending directly to injury Plaintiff's reputation. Specifically, Defendants statements include without limitation that Plaintiff leered at a wife and young children, and that Plaintiff had scared a party's wife and daughter and made them feel uncomfortable by the way he watched them and that plaintiff was a drug addict. The statements would be highly offensive and embarrassing to a reasonable person.

80. Specifically, Defendants Burns, Johnson and Does 20-25, and each of them, in or around late May and early June 2008, caused to be published the statements set forth above, or statements to that effect, in the Palo Alto City Council Report, which is made public on the website, and elsewhere.

81. Defendants Burns, Johnson and Does 20-25, and each of them, in June and July 2008, caused to be published the statements set forth above, or statements to that effect, in the Palo Alto Daily News, and elsewhere.

82. Further, Defendant Ryan and Does 26-30 caused to be published in or around December 2008, the statements set forth above, or statements to that effect, in the Palo Alto Online News (www.paloaltoonline.com), and elsewhere.

83. Further, Defendants, and each of them, caused to be published in or around December 2008 the statements set forth above, or statements to that effect, in the Palo Alto Online News (www.paloaltoonline.com), and elsewhere.

84. Defendants knew the statements were false when made.

85. Defendants, and each of them, published the statements set forth above maliciously and with the design and intent to injure Plaintiff in his good name.

86. As an actual and proximate result of the defamatory statements made by Defendants, as set forth above, Plaintiff has suffered and continues to suffer injury to his reputation, severe emotional distress, embarrassment, humiliation, anxiety, fear and anguish, all to his damage in an amount according to proof.

87. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard for Plaintiff's rights.

88. At all relevant times, Defendants were acting within the scope of their employment and pursuant to the aforementioned policies and practices of the City.

### SIXTH CAUSE OF ACTION
**(Malicious Prosecution)**
**(Against all Defendants)**

89. Plaintiff re-alleges and incorporates herein by reference all preceding paragraphs of the Complaint.

90. As alleged herein, the Defendants wrongfully brought charges against Plaintiff (*People v. Ciampi*, case no. BB833050). The case was dismissed in favor of Plaintiff. Defendants were responsible for bringing the unlawful charges, and Defendants did not have probable cause or reasonable grounds to support the case. Further, Defendants wrongfully

initiated and continued the case knowing that there were no grounds to support the case, and with the intent to harm Plaintiff.

91. As a direct and proximate result of Defendants' malicious prosecution, as alleged herein, Plaintiff has suffered and continues to suffer injury to his reputation, severe emotional distress, embarrassment, humiliation, and anguish, all to his damage in an amount according to proof.

92. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard for Plaintiff's rights.

93. At all relevant times, the Police Officers were acting within the scope of their employment and pursuant to the aforementioned policies and practices of the City.

## SEVENTH CAUSE OF ACTION
### (False Arrest and False Imprisonment)
### (Against the Police Officers, the City, and DOES 1-10)

94. Plaintiff re-alleges and incorporates herein by reference all preceding paragraphs of the Complaint.

95. As described herein, Defendants intentionally and unlawfully violated Plaintiff's personal liberty by confining Plaintiff against Plaintiff's will through exercise of force, as well as with the express and implied threat of force. Defendants' intentional and unlawful confinement of Plaintiff was not privileged. The confinement was for an appreciable period.

96. As a direct and proximate result of Defendants' false arrest and false imprisonment, as set forth above, Plaintiff has suffered and continues to suffer injury to his reputation, severe emotional distress, embarrassment, humiliation, anxiety, fear and anguish, all to his damage in an amount according to proof.

97. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard for Plaintiff's rights.

COMPLAINT FOR DAMAGES (JURY TRIAL DEMANDED)
CIAMPI v. CITY OF PALO ALTO ET AL.

98.  At all relevant times, the Police Officers were acting within the scope of their employment and pursuant to the aforementioned policies and practices of the City.

### PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1. For compensatory (special) damages according to proof;
2. For general damages, including without limitation, for mental and emotional distress according to proof;
3. For punitive damages according to proof;
4. For an award of interest, including prejudgment interest, at the legal rate;
5. For an award of attorneys' fees pursuant to, without limitation, 42 U.S.C. §1988;
6. For costs of suit incurred; and
7. For such other and further relief as the Court may deem just and proper.

Date: June 15, 2009                    PIERCE & SHEARER LLP


By: _____
Andrew F. Pierce
Attorney for JOSEPH CIAMPI

16
COMPLAINT FOR DAMAGES (JURY TRIAL DEMANDED)
CIAMPI v. CITY OF PALO ALTO ET AL