Andrew F. Pierce, Esq. (State Bar No. 101889)
Stacy North, Esq. (State Bar No. 219034)
PIERCE & SHEARER LLP
2483 E. Bayshore Road, Suite 202
Palo Alto, CA  94303
Phone (650) 843-1900
Fax    (650) 843-1999
Email: apierce@pierceshearer.com
         stacy@pierceshearer.com

Attorneys for Plaintiff Joseph Ciampi

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| JOSEPH CIAMPI<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PALO ALTO, a government entity; LYNNE JOHNSON, an individual; CHIEF DENNIS BURNS, an individual; OFFICER KELLY BURGER, an individual; OFFICER MANUEL TEMORES, an individual; OFFICER APRIL WAGNER, an individual; AGENT DAN RYAN; SERGEANT NATASHA POWERS, an individual.<br><br>Defendants. | Case No. C 09 02655 PVT<br><br>**CASE MANAGEMENT STATEMENT**<br><br>Date:  October 27, 2009<br>Time:  2:00 p.m.<br>Ctrm:  5<br><br>Action Filed:<br>Trial Date:  None Set |

1

CASE MANAGEMENT STATEMENT
CIAMPI v. CITY OF PALO ALTO ET AL.

Plaintiff JOSEPH CIAMPI ("CIAMPI" or "Plaintiff"), submits this Case Management Statement pursuant to the Court's Standing Order. Plaintiff is not filing this jointly, because Plaintiff has been unable to get a hold of Defense Counsel.

1. **Jurisdiction and Service:**

Plaintiff brings this action against Defendants to redress the deprivation of rights secured him by the Fourth Amendment, Fourteenth Amendment, Due Process Clause and Equal Protection Clause of the US Constitution, 42 U.S.C. § 1983, and California common law.

This Court has orginal jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1343(a)(3), and 42 U.S.C. § 1983. Plaintiff also invokes supplemental jurisdiction over Plaintiff's state law claims against Defendants for common law violations pursuant to 28 U.S.C. § 1367 as the common law claims form part of the same case or controversy.

Plaintiff does not believe that any issues exist with respect to personal jurisdiction or venue. All Parties have been served.

2. **Facts:**

On the morning of March 15, 2008, Plaintiff Ciampi was sleeping in his vehicle, a 1985 Dodge Ram Van, which was parked on Lincoln Street in a residential neighborhood in Palo Alto, California. That morning, a Palo Alto resident, Ken Alsman, called the Palo Alto Police Department to complain about a man sleeping in his van outside of his home. Sleeping in a vehicle, as Plaintiff was doing, does not violate any law or ordinance.

Defendants Wagner, Temores and Burger responded to the call. About 10:00 a.m. that morning, Wagner and Temores approached Plaintiff's vehicle. Defendant Wagner unlawfully began to open the rear side door, without first knocking on the door of the vehicle, or requesting permission to enter. Plaintiff promptly closed the door from inside the van and locked it.

2

Defendant Wagner demanded that Plaintiff exit the vehicle. Plaintiff rightfully refused. Defendants Temores and Wagner told the Plaintiff that he was in violation of a City Municipal Code. Plaintiff was unaware of any such Municipal Code. Plaintiff stated to Defendants Temores and Wagner that no such ordinance existed. Plaintiff continued to rightfully refuse to exit the vehicle.

To coerce Plaintiff out of the vehicle, Defendant Wagner and Defendant Temores threatened to call a tow truck unless Plaintiff exited the vehicle. Defendants Wagner and Temores then unlawfully pretended to make a radio call for a tow truck. Believing that Wagner and Temores had called a tow truck, Plaintiff opened the van door. He told Defendants Wagner and Temores that he was not in violation of any Law, Ordinance or Municipal Code, and that Defendants had no reason to make him exit his vehicle. Plaintiff demanded to know what ordinance he was violating. Defendants Temores and Wagner refused to tell Plaintiff specifically what ordinance he was allegedly violating. Instead, Officer Wagner repeatedly accused Plaintiff of being in violation of a "Sleeping Ordinance", but no such ordinance existed.

Defendant Temores falsely accused Plaintiff of being a heroin addict, which Plaintiff vehemently denied. Defendant Burger then arrived at the scene and placed Plaintiff under arrest without probable cause.

Plaintiff used a cell phone in an attempt to call for help when Defendants Burger and Temores drew and threatened to use their Taser guns on Plaintiff. Defendants then unlawfully yanked Plaintiff out of the van.

Plaintiff was standing still on the sidewalk facing Defendant Burger. Defendant Burger was aiming the laser dot from Defendant's Taser gun into Plaintiff's eyes. Without warning, Defendant Burger fired his Taser gun at the Plaintiff's face while Plaintiff had his hands in the air. Plaintiff blocked one of the Taser probes with his left arm, and the top of the Taser probe lodged into the left arm just below Plaintiff's wrist.

3

CASE MANAGEMENT STATEMENT
CIAMPI v. CITY OF PALO ALTO ET AL.

The bottom Taser probe grazed Plaintiff's chin causing a small cut. Defendant Burger proceeded to unlawfully shock Plaintiff repeatedly with electricity although Plaintiff was not resisting or fleeing. Plaintiff pleaded with Defendant Burger to stop shocking Plaintiff, however Defendant Burger would not stop.

In extreme pain from the electrical charge flowing into Plaintiff's body and in fear of incurring great bodily harm and/or death, Plaintiff attempted to dislodge the Taser gun from Defendant Burger's hand. The electrical shock ceased and Defendants Wagner and Temores unlawfully grabbed Plaintiff from each side. Plaintiff did not resist or flee. Then, without any provocation, Defendant Burger pulled the trigger on his Taser gun sending an electrical charge into Plaintiff's body. Out of fear of serious bodily injury and or death, Plaintiff attempted to flee from Defendants Wagner, Temores and Burger. Defendant Temores deployed and activated his Taser gun on Plaintiff's body at the same time as Defendant Burger. Defendant Temores attempted to shock Plaintiff in the genitals but, instead, hit him in the leg and groin area. Defendants Temores and Burger shocked Plaintiff with their Taser guns for approximately thirty seconds, despite Plaintiff pleading with Defendants Temores and Burger to stop. Defendants Temores, Burger and Wagner then proceeded to kick and hit Plaintiff. Defendant Wagner struck Plaintiff with her fist. Defendant Burger threw Plaintiff onto the ground. Defendant Burger then unlawfully placed handcuffs on Plaintiff.

Plaintiff was wrongfully arrested for felony assault on a police officer and resisting arrest. Plaintiff's charges were later amended to felony resisting arrest.

In order to conceal the unlawful acts committed by Defendants Burger, Temores, and Wagner, and to perpetuate the malicious prosecution of Plaintiff, Sergeant Powers intentionally and knowingly submitted a falsified and fabricated report containing the deployment and activation information from Defendant's Burger's and Temores' Taser

4

CASE MANAGEMENT STATEMENT
CIAMPI v. CITY OF PALO ALTO ET AL.

guns to the Santa Clara County District Attorney with the intent of having Plaintiff falsely convicted of a crime.

In order to conceal the unlawful acts committed by Defendants Burger, Temores and Wagner, and to falsely and wrongfully incriminate Plaintiff, Defendants Temores and Burger gave false testimony under oath during Plaintiff's case (*People v. Ciampi,* case no. BB833050).

In order to conceal the unlawful acts committed upon Plaintiff and to perpetuate the malicious prosecution of Plaintiff, Defendants engaged in a pattern of withholding and suppressing evidence from the Plaintiff and the Court.

In order to conceal the unlawful acts committed upon Plaintiff and to perpetuate the malicious prosecution of Plaintiff, Defendants unlawfully altered four audio/video recordings that captured the incident and two Taser gun Data File reports that recorded the deployment and activation information of the two Taser guns.

In order to conceal the unlawful acts committed upon Plaintiff and to perpetuate the malicious prosecution of Plaintiff, Defendant Temores removed evidence, (Taser cartridge, probes, wires, blast doors and aphids) from the crimes scene without securing the evidence into the property room or documenting the evidence in his report.

On December 17, 2008, Judge Thang Barrett of the Superior Court of the State of California, County of Santa Clara, heard Plaintiff's case (*People v. Ciampi,* case no. BB833050). Judge Barrett dismissed all charges against Plaintiff. Judge Barrett specifically found that: (1) Plaintiff did not violate an ordinance; (2) Police Officers accused Plaintiff of a violation of a nonexistent ordinance; (3) Police Officers resorted to an unlawful "ruse" to coerce defendant to come out of his van after he expressly refused to exit; and (4) Plaintiff had a right to refuse to talk to the Police Officers. Judge Barrett further held that a finding that the ruse was unlawful was determinative of the case. As

5

CASE MANAGEMENT STATEMENT
CIAMPI v. CITY OF PALO ALTO ET AL.

such, the Court did not address the remaining issues regarding excessive or unreasonable force and obstruction of justice by defendants.

On or about September 12, 2008, Plaintiff notified the City, pursuant with the California Tort Claims Act, Government Code § 900, *et seq.*, of the facts underlying Plaintiff's claims against the City and its agents. On or about October 15, 2008, the City rejected Plaintiff's claims and offered no compensation in response. As a result of the pending criminal charges, Plaintiff's statute of limitation was tolled (California Government Code 945.3).

### 3. Legal Issues:

Plaintiff alleges seven causes of action against Defendants as follows:

*First cause of action*: Violation of Civil Rights, 42 U.S.C. §1983, Against All Defendants. Plaintiff alleges that Defendants' conduct violated Plaintiff's rights as guaranteed by the First Amendment, Fourth Amendment, Fourteenth Amendment, Due Process Clause and Equal Protection Clause of the United State Constitution.

*Second cause of action*: Assault and Battery against the police officers and the City. Plaintiff alleges that the police officers maliciously seized, battered, and assaulted. Plaintiff further alleges that the police officers were acting pursuant to the policies and practices of the City.

*Third cause of action*: Intentional infliction of emotional distress against all Defendants. Plaintiff has alleged that as a result of Defendants' intentional conduct, , he has suffered severe pain from, *inter alia,* being shocked with electricity, being kicked and hit, and suffering puncture wounds from the taser, scrapes and bruises to arms and face. Plaintiff also alleges that he has suffered and continues to suffer injury to his reputation, severe emotional distress, embarrassment, humiliation, anxiety, fear and anguish, and now lives in constant fear for his safety and of being maliciously prosecuted by Defendants.

6

CASE MANAGEMENT STATEMENT
CIAMPI v. CITY OF PALO ALTO ET AL.

1  *Fourth cause of action*: Negligence against all Defendants. Plaintiff has alleged
2  that the police officers breached their duty by negligently failing to ascertain that the
3  situation did not permit the Police Officers to use force, and by unreasonably searching
4  and seizing Plaintiff without probable cause.

5  *Fifth cause of action*: Defamation against Defendants Burns, Johnson, Ryan and the
6  City. Plaintiff has alleged that Defendants caused to be published false and unprivileged
7  statements tending directly to injury Plaintiff's reputation.

8  *Sixth cause of action*: Malicious prosecution against all Defendants. Plaintiff has
9  alleged that Defendants wrongfully brought charges against Plaintiff (*People v. Ciampi*,
10 case no. BB833050). Further, Defendants wrongfully initiated and continued the case
11 knowing that there were no grounds to support the case, and with the intent to harm
12 Plaintiff.

13 *Seventh cause of action*: False arrest and false imprisonment against the police
14 officers and the City. Plaintiff has alleged that Defendants intentionally and unlawfully
15 violated Plaintiff's personal liberty by confining Plaintiff against Plaintiff's will through
16 exercise of force, as well as with the express and implied threat of force. Defendants'
17 intentional and unlawful confinement of Plaintiff was not privileged. The confinement
18 was for an appreciable period.

19 **4. Motions:**

20 There are currently no motions pending in this matter. Plaintiff anticipates filing a
21 motion to amend the Complaint to add additional defendants. If Plaintiff requires more
22 than seven hours of deposition time from a witness, or if Plaintiff needs to take more than
23 ten deposition, and Defendants will not stipulate, Plaintiff will file a motion for leave to
24 take additional depositions or additional deposition time.

7

CASE MANAGEMENT STATEMENT
CIAMPI v. CITY OF PALO ALTO ET AL.

### 5. Amendment of Pleadings:

Plaintiff is considering amending the Complaint to add additional Defendants. Additional discovery is requires. As soon as Plaintiff ascertains the identity of the additional culpable parties, Plaintiff will promptly move to amend.

### 6. Evidence Preservation:

Plaintiff has taken measures to preserve evidence in this action, including any electronic data.

### 7. Disclosures:

Plaintiff intends to exchange his Initial Disclosures identifying witnesses, evidence known to Plaintiff on October 20, 2009. The Parties have agreed to produce documents identified in the Initial Disclosures on that same date.

### 8. Discovery:

Plaintiff anticipates engaging in the following discovery: (1) depositions of all of the defendants; (2) written discovery to defendants; (3) deposition of third parties as necessitated by future discovery; (4) subpoenaing documents from third parties; (5) expert discovery; and (7) deposition of the City's PMK re the chain of custody for MAV / Taser videos.

### 9. Class Actions:

This is not a class action.

### 10. Related Cases:

Plaintiff is not aware of any related cases or proceedings currently pending. The underlying criminal action, *People v. Ciampi*, case no. BB833050, has concluded.

### 11. Relief:

Plaintiff alleges the following damages according to proof: (1) For compensatory (special) damages according to proof, including, without limitation, lost/unpaid wages; (2) For general damages, including without limitation, for mental and emotional distress

8

CASE MANAGEMENT STATEMENT
CIAMPI v. CITY OF PALO ALTO ET AL.

according to proof; (3) For punitive damages according to proof; (4) For an award of interest, including prejudgment interest, at the legal rate; (5) For an award of attorneys' fees pursuant to, without limitation, 42 U.S.C. §1988; (6) For costs of suit incurred; and (7) For such other and further relief as the Court may deem just and proper.

12. **Settlement and ADR:**

The Parties have met and conferred regarding possible ADR process and have agreed to Court referred Mediation.

13. **Consent to Magistrate Judge for All Purposes:**

Plaintiff declines to have all further proceedings in this case conducted by a magistrate judge.

14. **Other References:**

Plaintiff does not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues:**

Plaintiff does not anticipate the narrowing of issues.

16. **Expedited Schedule:**

Plaintiff does not believe this case is appropriate for handling on an expedited basis with streamlined procedures.

17. **Scheduling:**

Plaintiff proposes the following schedule:

| | |
|---|---|
| Designation of experts: | May 10, 2010 |
| Discovery cutoff: | June 29, 2010 |
| Hearing of dispositive motions: | August 9, 2010 |
| Pretrial Conference: | September 13, 2010 |
| Trial: | October 4, 2010 |

9

CASE MANAGEMENT STATEMENT
CIAMPI v. CITY OF PALO ALTO ET AL.

18. **Trial:**

Plaintiff has requested a jury trial. Plaintiff anticipates the length of the trial will be approximately 10 days, including jury selection.

19. **Disclosure of Non-party, Interested Entities or Persons:**

Plaintiff is currently unaware of non-party, interested entities or persons.

20. **Other Matters:**

None.

Date:  October 20, 2009                          PIERCE & SHEARER LLP


By: _____
Stacy North
Attorney for JOSEPH CIAMPI

10

CASE MANAGEMENT STATEMENT
CIAMPI v. CITY OF PALO ALTO ET AL.