1 | Steven A. Sherman, Esq. Bar No. 113621
**FERGUSON, PRAET & SHERMAN**
2 | A Professional Corporation
1631 East 18th Street
3 | Santa Ana, California 92705-7101
(714) 953-5300 Telephone
4 | (714) 953-1143 Facsimile
Ssherman@law4cops.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CIAMPI, | NO. C09-02655 JDF (PVT) |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT; DECLARATION OF STEVEN A. SHERMAN IN SUPPORT OF REQUEST FOR TELEPHONIC APPEARANCE** |
| v. | |
| CITY OF PALO ALTO, a government entity; LYNNE JOHNSON, an individual; CHIEF DENNIS BURNS, an individual; OFFICER KELLY BURGER, an individual; OFFICER MANUEL TEMORES, an individual; OFFICER APRIL WAGNER, an individual; AGENT DAN RYAN; SERGEANT NATASHA POWERS, individual, | Date: December 4, 2009<br>Time: 10:30 a.m.<br>Ctrm: 3<br><br>**[REQUEST FOR TELEPHONIC APPEARANCE]** |
| Defendants. | |

Plaintiff JOSEPH CIAMPI ("CIAMPI" or "Plaintiff") and CITY OF PALO ALTO, LYNNE JOHNSON, CHIEF DENNIS BURNS, OFFICER KELLY BURGER, OFFICER MANUEL TEMORES, OFFICER APRIL WAGNER, AGENT DAN RYAN, SERGEANT NATASHA POWERS, (collectively "Defendants") jointly submit this Case Management Statement pursuant to the Court's Standing Order.

///

1. **Jurisdiction and Service.**

Plaintiff brings this action against Defendants to redress the deprivation of rights secured him by the Fourth Amendment, Fourteenth Amendment, Due Process Clause and Equal Protection Clause of the US Constitution, 42 U.S.C. § 1983, and California common law.

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1343(a)(3), and 42 U.S.C. § 1983. Plaintiff also invokes supplemental jurisdiction over Plaintiff's state law claims against Defendants for common law violations pursuant to 28 U.S.C. § 1367 as the common law claims form part of the same case or controversy.

No issues exist with respect to personal jurisdiction or venue. All Parties have been served.

2. **Facts:**

A. **Plaintiff's Statement**

On the morning of March 15, 2008, Plaintiff Ciampi was sleeping in his vehicle, a 1985 Dodge Ram Van, which was parked on Lincoln Street in a residential neighborhood in Palo Alto, California. That morning, a Palo Alto resident, Ken Alsman, called the Palo Alto Police Department to complain about a man sleeping in his van outside of his home. Sleeping in a vehicle, as Plaintiff was doing, does not violate any law or ordinance.

Defendants Wagner, Temores and Burger responded to the call. About 10:00 a.m. that morning, Wagner and Temores approached Plaintiff's vehicle. Defendant Wagner unlawfully began to open the rear side door, without first knocking on the door of the vehicle, or requesting permission to enter. Plaintiff promptly closed the door from inside the van and locked it.

Defendant Wagner demanded that Plaintiff exit the vehicle. Plaintiff rightfully refused. Defendants Temores and Wagner told the Plaintiff that he was in

1  violation of a City Municipal Code. Plaintiff was unaware of any such Municipal
2  Code. Plaintiff stated to Defendants Temores and Wagner that no such ordinance
3  existed. Plaintiff continued to rightfully refuse to exit the vehicle.
4        To coerce Plaintiff out of the vehicle, Defendant Wagner and Defendant
5  Temores threatened to call a tow truck unless Plaintiff exited the vehicle.
6  Defendants Wagner and Temores then unlawfully pretended to make a radio call for
7  a tow truck. Believing that Wagner and Temores had called a tow truck, Plaintiff
8  opened the van door. He told Defendants Wagner and Temores that he was not in
9  violation of any Law, Ordinance or Municipal Code, and that Defendants had no
10 reason to make him exit his vehicle. Plaintiff demanded to know what ordinance he
11 was violating. Defendants Temores and Wagner refused to tell Plaintiff specifically
12 what ordinance he was allegedly violating. Instead, Officer Wagner repeatedly
13 accused Plaintiff of being in violation of a "Sleeping Ordinance", but no such
14 ordinance existed.
15       Defendant Temores falsely accused Plaintiff of being a heroin addict, which
16 Plaintiff vehemently denied. Defendant Burger then arrived at the scene and placed
17 Plaintiff under arrest without probable cause.
18       Plaintiff used a cell phone in an attempt to call for help when Defendants
19 Burger and Temores drew and threatened to use their Taser guns on Plaintiff.
20 Defendants then unlawfully yanked Plaintiff out of the van.
21       Plaintiff was standing still on the sidewalk facing Defendant Burger.
22 Defendant Burger was aiming the laser dot from Defendant's Taser gun into
23 Plaintiff's eyes. Without warning, Defendant Burger fired his Taser gun at the
24 Plaintiff's face while Plaintiff had his hands in the air. Plaintiff blocked one of the
25 Taser probes with his left arm, and the top of the Taser probe lodged into the left arm
26 just below Plaintiff's wrist. The bottom Taser probe grazed Plaintiff's chin causing a
27 small cut. Defendant Burger proceeded to unlawfully shock Plaintiff repeatedly with
28

electricity although Plaintiff was not resisting or fleeing. Plaintiff pleaded with Defendant Burger to stop shocking Plaintiff, however Defendant Burger would not stop.

In extreme pain from the electrical charge flowing into Plaintiff's body and in fear of incurring great bodily harm and/or death, Plaintiff attempted to dislodge the Taser gun from Defendant Burger's hand. The electrical shock ceased and Defendants Wagner and Temores unlawfully grabbed Plaintiff from each side. Plaintiff did not resist or flee. Then, without any provocation, Defendant Burger pulled the trigger on his Taser gun sending an electrical charge into Plaintiff's body. Out of fear of serious bodily injury and or death, Plaintiff attempted to flee from Defendants Wagner, Temores and Burger. Defendant Temores deployed and activated his Taser gun on Plaintiff's body at the same time as Defendant Burger. Defendant Temores attempted to shock Plaintiff in the genitals but, instead, hit him in the leg and groin area. Defendants Temores and Burger shocked Plaintiff with their Taser guns for approximately thirty seconds, despite Plaintiff pleading with Defendants Temores and Burger to stop. Defendants Temores, Burger and Wagner then proceeded to kick and hit Plaintiff. Defendant Wagner struck Plaintiff with her fist. Defendant Burger threw Plaintiff onto the ground. Defendant Burger then unlawfully placed handcuffs on Plaintiff.

Plaintiff was wrongfully arrested for felony assault on a police officer and resisting arrest. Plaintiff's charges were later amended to felony resisting arrest.

In order to conceal the unlawful acts committed by Defendants Burger, Temores, and Wagner, and to perpetuate the malicious prosecution of Plaintiff, Sergeant Powers intentionally and knowingly submitted a falsified and fabricated report containing the deployment and activation information from Defendant's Burger's and Temores' Taser guns to the Santa Clara County District Attorney with the intent of having Plaintiff falsely convicted of a crime.

_____

In order to conceal the unlawful acts committed by Defendants Burger, Temores and Wagner, and to falsely and wrongfully incriminate Plaintiff, Defendants Temores and Burger gave false testimony under oath during Plaintiff's case (*People v. Ciampi,* case no. BB833050).

In order to conceal the unlawful acts committed upon Plaintiff and to perpetuate the malicious prosecution of Plaintiff, Defendants engaged in a pattern of withholding and suppressing evidence from the Plaintiff and the Court.

In order to conceal the unlawful acts committed upon Plaintiff and to perpetuate the malicious prosecution of Plaintiff, Defendants unlawfully altered four audio/video recordings that captured the incident and two Taser gun Data File reports that recorded the deployment and activation information of the two Taser guns. In order to conceal the unlawful acts committed upon Plaintiff and to perpetuate the malicious prosecution of Plaintiff, Defendant Temores removed evidence, (Taser cartridge, probes, wires, blast doors and aphids) from the crimes scene without securing the evidence into the property room or documenting the evidence in his report.

On December 17, 2008, Judge Thang Barrett of the Superior Court of the State of California, County of Santa Clara, heard Plaintiff's case (*People v. Ciampi*, case no. BB833050). Judge Barrett dismissed all charges against Plaintiff. Judge Barrett specifically found that: (1) Plaintiff did not violate an ordinance; (2) Police Officers accused Plaintiff of a violation of a nonexistent ordinance; (3) Police Officers resorted to an unlawful "ruse" to coerce defendant to come out of his van after he expressly refused to exit; and (4) Plaintiff had a right to refuse to talk to the Police Officers. Judge Barrett further held that a finding that the ruse was unlawful was determinative of the case. As such, the Court did not address the remaining issues regarding excessive or unreasonable force and obstruction of justice by defendants.

On or about September 12, 2008, Plaintiff notified the City, pursuant with the California Tort Claims Act, Government Code § 900, *et seq.*, of the facts underlying Plaintiff's claims against the City and its agents. On or about October 15, 2008, the City rejected Plaintiff's claims and offered no compensation in response. As a result of the pending criminal charges, Plaintiff's statute of limitation was tolled (California Government Code 945.3).

### B. Defendants' Statement

Defendants deny any and all alleged wrongdoing as set forth in Plaintiff's previously filed Case Management Statement, or the Statement of Facts above. Defendants acknowledge the lack of a sleeping ordinance and the dismissal of the criminal case although Defendants adamantly disagree with the basis or reasoning behind the dismissal.

Officers on scene did engage in a consensual contact with Plaintiff until he became threatening and aggressive. Attempts were then made to control him. Plaintiff actively resisted the officers' actions. Plaintiff unlawfully hit, kicked and struck the officers. The officers sustained physical injuries as a result of Plaintiff's assaultive conduct.

Plaintiff was not excessively tasered nor was excessive force used to control him. In fact, based on Plaintiff's assaultive and combative behavior, the officers exercised great restraint. Plaintiff was not tased for over 30 seconds. No evidence was altered. No evidence was intentionally destroyed.

Plaintiff attacked and injured the officers.

### 3. Legal Issues:

Plaintiff alleges seven causes of action against Defendants as follows:

*First cause of action*: Violation of Civil Rights, 42 U.S.C. §1983, Against All Defendants. Plaintiff alleges that Defendants' conduct violated Plaintiff's rights as

guaranteed by the First Amendment, Fourth Amendment, Fourteenth Amendment, Due Process Clause and Equal Protection Clause of the United State Constitution.

*Second cause of action*: Assault and Battery against the police officers and the City. Plaintiff alleges that the police officers maliciously seized, battered, and assaulted. Plaintiff further alleges that the police officers were acting pursuant to the policies and practices of the City.

*Third cause of action*: Intentional infliction of emotional distress against all Defendants. Plaintiff has alleged that as a result of Defendants' intentional conduct, he has suffered severe pain from, *inter alia*, being shocked with electricity, being kicked and hit, and suffering puncture wounds from the taser, scrapes and bruises to arms and face. Plaintiff also alleges that he has suffered and continues to suffer injury to his reputation, severe emotional distress, embarrassment, humiliation, anxiety, fear and anguish, and now lives in constant fear for his safety and of being maliciously prosecuted by Defendants.

*Fourth cause of action*: Negligence against all Defendants. Plaintiff has alleged that the police officers breached their duty by negligently failing to ascertain that the situation did not permit the Police Officers to use force, and by unreasonably searching and seizing Plaintiff without probable cause.

*Fifth cause of action*: Defamation against Defendants Burns, Johnson, Ryan and the City. Plaintiff has alleged that Defendants caused to be published false and unprivileged statements tending directly to injury Plaintiff's reputation.

*Sixth cause of action*: Malicious prosecution against all Defendants. Plaintiff has alleged that Defendants wrongfully brought charges against Plaintiff (*People v. Ciampi*, case no. BB833050). Further, Defendants wrongfully initiated and continued the case knowing that there were no grounds to support the case, and with the intent to harm Plaintiff.

1    *Seventh cause of action*: False arrest and false imprisonment against the police
2    officers and the City. Plaintiff has alleged that Defendants intentionally and
3    unlawfully violated Plaintiff's personal liberty by confining Plaintiff against
4    Plaintiff's will through exercise of force, as well as with the express and implied
5    threat of force. Defendants' intentional and unlawful confinement of Plaintiff was
6    not privileged. The confinement was for an appreciable period.

7    Defendants dispute all causes of action. Defendants believe that their actions
8    were reasonable and that defenses and immunities will defeat the causes of action.

9    **4.    Motions:**

10   There are currently no motions pending in this matter. Plaintiff anticipates
11   filing a motion to amend the Complaint to add additional defendants. If Plaintiff
12   requires more than seven hours of deposition time from a witness, or if Plaintiff
13   needs to take more than ten deposition, and Defendants will not stipulate, Plaintiff
14   will file a motion for leave to take additional depositions or additional deposition
15   time.

16   Defendants anticipate filing a motion for summary judgment or summary
17   adjudication. Should the matter proceed to trial, Defendants anticipate filing a
18   motion to bifurcate/trifurcate.

19   **5.    Amendment of Pleadings:**

20   Plaintiff is considering amending the Complaint to add additional Defendants.
21   Additional discovery is required. As soon as Plaintiff ascertains the identity of the
22   additional culpable parties, Plaintiff will promptly move to amend.

23   Defendants do not anticipate amending any additional pleadings, however,
24   such will be governed by the filings of Plaintiff. However, based on the injuries to
25   the officers, Defendants are contemplating a cross-complaint.

**6.     Evidence Preservation:**

The parties have taken measures to preserve evidence in this action, including any electronic data.

**7.     Disclosures:**

Plaintiff exchanged his Initial Disclosures identifying witnesses, evidence known to Plaintiff on October 20, 2009.  The Parties have agreed to produce documents identified in the Initial Disclosures on that same date.

Defendants exchanged documents known to them with Plaintiff on October 20, 2009.  There is apparently an issue with a CD provided and a new copy is being sought and will be provided to counsel.

**8.     Discovery:**

Plaintiff anticipates engaging in the following discovery: (1) depositions of all of the defendants; (2) written discovery to defendants; (3) deposition of third parties as necessitated by future discovery; (4) subpoenaing documents from third parties; (5) expert discovery; and (7) deposition of the City's PMK re the chain of custody for MAV / Taser videos.

Defendants anticipate engaging in the following discovery: 1) the deposition of Plaintiff and all witnesses; 2) written discovery to Plaintiff; 3) subpoenaing documents from third parties and depositions related thereto; 4) expert discovery.

**9.     Class Actions:**

This is not a class action.

**10.    Related Cases:**

The parties are not aware of any related cases or proceedings currently pending.  The underlying criminal action, *People v. Ciampi*, case no. BB833050, has concluded.

///

**11.  Relief:**

Plaintiff alleges the following damages according to proof: (1) For compensatory (special) damages according to proof, including, without limitation, lost/unpaid wages; (2) For general damages, including without limitation, for mental and emotional distress according to proof; (3) For punitive damages according to proof; (4) For an award of interest, including prejudgment interest, at the legal rate; (5) For an award of attorneys' fees pursuant to, without limitation, 42 U.S.C. §1988; (6) For costs of suit incurred; and (7) For such other and further relief as the Court may deem just and proper.

Defendants will seek dismissal of the case in its entirety.  If successful, Defendants will attempt to recoup any and all costs, fees and expenses on behalf of the City and its citizens.

**12.  Settlement and ADR:**

The parties have met and conferred regarding possible ADR process and have agreed to court-referred mediation.

**13.  Consent to Magistrate Judge for All Purposes:**

The parties decline to have all further proceedings in this case conducted by a magistrate judge.

**14.  Other References:**

The parties believe this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing of Issues:**

The parties do not anticipate the narrowing of issues.

**16.  Expedited Schedule:**

The parties do not believe this case is appropriate for handling on an expedited basis with streamlined procedures.

///

**17.   Scheduling:**

**Plaintiff proposes the following schedule**:

| | |
|---|---|
| Designation of experts | May 10, 2010 |
| Discovery cutoff | June 29, 2010 |
| Hearing of dispositive motions | August 9, 2010 |
| Pretrial Conference | September 13, 2010 |
| Trial | October 4, 2010 |

Based on other currently pending matter, Defendants propose the following schedule:

**Defendants propose the following schedule:**

| | |
|---|---|
| Designation of experts | July 12, 2010 |
| Discovery cutoff | September 13, 2010 |
| Hearing of dispositive motions | November 8, 2010 |
| Pretrial Conference | December 6, 2010 |
| Trial | January 11, 2011 |

**18.   Trial:**

The parties have requested a jury trial. The parties anticipate the length of the trial will be approximately 10 days, including jury selection.

**19.   Disclosure of Non-Party, Interested Entities of Persons:**

The parties are unaware of any non-party, interested entities or persons.

///
///
///
///
///
///
///

1     **20.**   **Other Matters:**

2     None of which Defendants are aware.

3   DATED:   November 25, 2009     FERGUSON, PRAET & SHERMAN
                                                  A Professional Corporation

4

5                                            /s/ Steven A. Sherman
                                             Steven A. Sherman

6                                              Attorneys for Defendants

7

  DATED: November 25, 2009       FERGUSON, PRAET & SHERMAN

8                                              A Professional Corporation

9

10                                            /s/ Stacy North
                                             Stacy North, Attorney for Plaintiff Joseph
                                             Ciampi

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF STEVEN A. SHERMAN**

I, Steven A. Sherman, declare and state as follows:

1. I am the attorney of record for the Defendants herein.

2. I am a partner with the law offices of Ferguson, Praet & Sherman, and licenced to practice in both the state and federal court systems. If called upon to do so, I could and would testify in conformance with the statements made herein.

3. As noted above, I am respectfully requesting that I be allowed to appear telephonically on December 4, 2009.

4. Given the distance and a prior obligation, the rescheduling of the Case Management Conference has me in a bit of travel quandary. I am the Conference Commissioner for Pop Warner Football and Cheer, Orange/Los Angeles counties. The nationwide playoffs are scheduled to begin December 4, 2009, through December 12, 2009, in Florida. This is a volunteer position and I had previously been scheduled to manage/work these playoff games prior to this hearing being reset to December 4, 2009. My flight leaves for Florida the evening of December 4, 2009. It would be very difficult to fly to San Jose, return home and then fly out to Florida the same evening. I did check into flying directly from San Jose to Florida, however, there were no flights available that cost-wise I would not deem overly burdensome to the Pop Warner organization.

As such, I respectfully request that a telephonic appearance be allowed given these unique circumstances.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 25th day of November 2009, in Santa Ana, California.

　　　　　　　　　　　　　　　　　　　　　　/s/   Steven A. Sherman
　　　　　　　　　　　　　　　　　　　　　　Steven A. Sherman
　　　　　　　　　　　　　　　　　　　　　　Declarant

09-002

-13-

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

     I, Cathy Sherman, employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action. My business address is 1631 East 18th Street, Santa Ana, California 92705-7101.

     On November 25, 2009, served the **JOINT CASE MANAGEMENT STATEMENT; DECLARATION OF STEVEN A. SHERMAN IN SUPPORT OF REQUEST FOR TELEPHONIC APPEARANCE** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Andrew F. Pierce
Stacy North
PIERCE & SHEARER LLP
2483 E. Bayshore Road, Suite 202
Palo Alto, CA 94303
apierce@pierceshearer.com
stacy@pierceshearer.com

___ (By Mail) I placed such envelope for deposit in accordance with office practice, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Santa Ana, California on the same day.

XXX (By e-filing) The above noted individuals are registered with the Court to receive notice of electronically filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.

___ (By Personal Service) I caused such envelope to be delivered by hand to the office of the addressee.

XXX (Federal) I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 25, 2009, at Santa Ana, California.

                                        /s/   Cathy Sherman
                                        Cathy Sherman