Andrew F. Pierce, Esq. (State Bar No. 101889)
Stacy North, Esq. (State Bar No. 219034)
PIERCE & SHEARER LLP
2483 E. Bayshore Road, Suite 202
Palo Alto, CA 94303
Phone (650) 843-1900
Fax   (650) 843-1999
Email: apierce@pierceshearer.com
       stacy@pierceshearer.com

Attorneys for Plaintiff Joseph Ciampi

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| JOSEPH CIAMPI<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PALO ALTO, a government entity; LYNNE JOHNSON, an individual; CHIEF DENNIS BURNS, an individual; OFFICER KELLY BURGER, an individual; OFFICER MANUEL TEMORES, an individual; OFFICER APRIL WAGNER, an individual; AGENT DAN RYAN; SERGEANT NATASHA POWERS, an individual.<br><br>Defendants. | Case No. C 09 02655 JF<br><br>**ADMINISTRATIVE MOTION FOR ORDER PERMITTING PIERCE & SHEARER, LLP TO WITHDRAW AS COUNSEL OF RECORD AND REQUEST FOR CONTINUANCE OF TRIAL DATE AND ALL RELATED DEADLINES**<br><br>[Civil L.R. 11-5]<br>[Civil L.R. 7-11]<br><br>Judge: The Honorable Judge Fogel |

TO EACH PARTY AND THEIR COUNSEL OF RECORD:

YOU ARE HEREBY NOTIFIED THAT Counsel of record for Plaintiff Joseph Ciampi ("Ciampi), Pierce & Shearer, LLP ("Pierce & Shearer") moves the Court, pursuant to Civil L.R.

---
1
MOTION TO WITHDRAW FROM CASE

C 09 02655 JF

7-11, to be relieved as counsel under Civil L.R. 11-5 because: (1) per Rules of Professional Conduct 3-700(C)(1)(d), Ciampi's conduct renders it unreasonably difficult for Pierce & Shearer to carry out the employment effectively; and (2) per Rule 3-700(C)(6), Pierce & Shearer believes in good faith, in a proceeding before the tribunal, that the tribunal will find the existence of other good cause for withdrawal. To avoid prejudice to Mr. Ciampi, Pierce is Shearer is further requesting a continuance of the trial date and all other pretrial deadlines by at least six months.

This application is based on this notice and memorandum of points and authorities, the declarations of Andrew F. Pierce and Stacy North filed with this application, the files and records in this action, the Proposed Order filed with this application, and any further evidence or argument that the Court may request, if necessary, at an *in camera* hearing.

I.  **Application for Order Permitting Withdrawal Per Civil L.R. 11-5**

Civil L.R. 11-5 provides, in part, "Counsel may not withdraw from an action until relieved by Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civil L.R. 11-5(a).

Pierce & Shearer notified for all defendants in this action of its intent to withdraw at attorney of record on April 1, 2010. (Declaration of Stacy North ("North Decl.") ¶ 18) Pierce & Shearer first notified Ciampi of its intent to withdraw as counsel of record on March 20, 2010. (Declaration of Stacy North ("North Decl.") ¶ 15) Pierce & Shearer has notified Ciampi of its intent to be relieved as Counsel of Record numerous times since then. (Id.)

Rules of Professional Conduct 3-700(A)(2) provides: "A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with Rule 3-700(D), and complying with other applicable laws and rules." Pierce & Shearer has taken reasonable steps to avoid prejudice to the

rights of Ciampi, including giving due notice and attempting to hellp Mr. Ciampi to obtain alternate representation. (Id. ¶ 17)

The limitations on what Pierce & Shearer can disclose consistent with the attorney client privilege preclude a detailed discussion of the factual basis for withdrawal. The duty of confidentiality continues notwithstanding grounds for withdrawal from the case; therefore, attorneys are bound to preserve client confidences even when seeking to be relieved as counsel. See California Rules of Court 3.1362(c) [attorney's declaration in support of withdrawal motion cannot compromise attorney-client confidentiality]; Rules of Professional Conduct 3–700(A) [attorney withdrawal must not prejudice client; San Diego Bar Ass'n Form.Opn. 1990–2 [duty of confidentiality applies to both mandatory and permissive withdrawal]. Withdrawal cannot be denied where the trial court admits Counsel's good faith representations. *Aceves v. Sup.Ct.* (1996) 51 Cal.App.4th 584, 596; see *Leversen v. Sup.Ct. (People)* (1983) 34 Cal.3d 530, 539 ["Having accepted the good faith and honesty of (counsel's) statements on the subject, the court was bound under the circumstances to rule that a conflict of interest had been sufficiently established"]. If necessary, Pierce & Shearer will provide detailed, privileged information in an *in camera* hearing.

Rule 3-700(C)(1)(d) authorizes withdrawal if the client "by other conduct renders it unreasonably difficult for the member to carry out the employment effectively." Pierce & Shearer diligently pursued this matter, including conducting extensive discovery, although the discovery cutoff is more than 5 months away. (North Decl. ¶¶ 3-8) Pierce & Shearer has retained an expert who Mr. Ciampi selected, and the firm has reviewed evidence with him in great detail. (Pierce Decl. ¶ 6) Despite the efforts, Mr. Ciampi is unhappy with the representation. (North Decl. ¶ 9; Declaration of Andrew F. Pierce ("Pierce Decl.") ¶¶ 3-8) In addition, Mr. Ciampi refused to follow his attorneys' advice. (North Decl. ¶ 10, Pierce Decl. ¶¶

3, 7) Mr. Ciampi also made numerous accusations against Pierce & Shearer. (Pierce Decl. ¶¶ 7-9) These accusations, as well as Ciampi's refusal to follow advice, have made it unreasonably difficult for Pierce & Shearer to carry out the employment effectively. (North Decl. ¶ 12) Accordingly, Pierce & Shearer is requesting to be relieved as Counsel pursuant to Rule 3-700(C)(6).

Pierce & Shearer is, alternatively, requesting to be relieved as Counsel pursuant to Rule 3-700(C)(6), which authorizes withdrawal if the "member believes in good faith, in a proceeding before a tribunal, that the tribunal will find the existence of other good cause for withdrawal." Here, other good cause exists. Mr. Ciampi is not interested in the opinions of the lawyers at Pierce & Shearer. He disagrees with the legal strategy, the assessment of evidence, the evaluation of responsible parties, and an evaluation of the strategies for trial and /or settlement. Pierce & Shearer believes in good faith that Ciampi's hostility toward the firm, among other things, provides good cause for withdrawal. (North Decl. ¶ 14) Thus, Pierce & Shearer is, alternatively, requesting to be relieved as Counsel pursuant to Rule 3-700(C)(6).

Mr. Ciampi will need additional time to obtain alternate counsel, and that counsel will need time to get up to speed. Mr. Ciampi indicated that he would like an additional six months. (North Decl. ¶ 20) Consequently, Pierce & Shearer is also requesting a continuation of the trial date and all corresponding deadlines by at least six-months to avoid prejudice to Mr. Ciampi.

Finally, Mr. Ciampi is scheduled to have surgery on April 28, 2010. He will need at least two weeks to recover. (North Decl. ¶ 21) Thus, Pierce & Shearer respectfully requests that, if a hearing is required, the Court set the hearing after May 12, 2010.

## II.   Conclusion

In light of the foregoing, Pierce & Shearer respectfully requests that this Court issue an Order relieving Pierce & Shearer as Counsel of Record for Ciampi in this action. Pierce &

1  Shearer further respectfully requests a continuation of the trial and all pretrial deadlines at least
2  six-months.
3
4                                               PIERCE & SHEARER, LLP
5  Dated: April 14, 2010
                                                _____
6                                               STACY NORTH
                                                Attorney for Plaintiff
7                                               Joseph Ciampi

---

5
MOTION TO WITHDRAW FROM CASE

C 09 02655 JF