Andrew F. Pierce, Esq. (State Bar No. 101889)
Stacy North, Esq. (State Bar No. 219034)
PIERCE & SHEARER LLP
2483 E. Bayshore Road, Suite 202
Palo Alto, CA  94303
Phone (650) 843-1900
Fax     (650) 843-1999
Email: apierce@pierceshearer.com
            stacy@pierceshearer.com

Attorneys for Plaintiff Joseph Ciampi

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# (SAN JOSE DIVISION)

| | |
|---|---|
| JOSEPH CIAMPI,<br><br>                    Plaintiff,<br><br>    v.<br><br>CITY OF PALO ALTO, a government entity; LYNNE JOHNSON, an individual; CHIEF DENNIS BURNS, an individual; OFFICER KELLY BURGER, an individual; OFFICER MANUEL TEMORES, an individual; OFFICER APRIL WAGNER, an individual; AGENT DAN RYAN; SERGEANT NATASHA POWERS, an individual.<br><br>                    Defendants. | Case No. C 09 02655 JF<br><br>**DECLARATION OF STACY NORTH IN SUPPORT OF ADMINISTRATIVE MOTION FOR ORDER PERMITTING PIERCE & SHEARER, LLP TO WITHDRAW AS COUNSEL OF RECORD AND REQUEST FOR CONTINUANCE OF TRIAL DATE AND ALL RELATED DEADLINES**<br><br>[Civil L.R. 11-5]<br>[Civil L.R. 7-11]<br><br><br>Judge:  The Honorable Judge Fogel |

1

DECLARATION OF STACY NORTH IN SUPPORT OF APPLICATION FOR ORDER PERMITTING
PIERCE & SHEARER, LLP TO WITHDRAW AS COUNSEL OF RECORD AND REQUEST FOR
CONTINUANCE OF TRIAL DATE AND ALL RELATED DEADLINES

C 09 02655 JF

I, Stacy North, declare as follows:

1. I am an attorney licensed to practice law in the State of California. I am an Associate with the law firm of Pierce & Shearer, LLP, Counsel of Record for Plaintiff Joseph Ciampi ("Ciampi"). The facts set forth in this Declaration are within my personal knowledge and if called as a witness, I could and would testify competently thereto.

2. On June 10, 2009, Ciampi retained Pierce & Shearer. On June 15, 2009, Pierce & Shearer filed a complaint in this court against eight defendants: City of Palo Alto, former Chief of Police Lynne Johnson, Chief Dennis Burns, Officer Kelly Burger, Office Manuel Temores, Officer April Wagner, Agent Dan Ryan and Sergeant Natasha Powers for *inter alia* violation of civil rights.

3. We have since diligently pursued this matter.

4. On or about November 4, 2009, defendants served their initial disclosures. After reviewing the disclosures, I prepared twenty-five special interrogatories and one-hundred-twenty-six requests for production of documents and inspection demands. To prepare the requests, I consulted with a retained video and audio forensics expert, Greg Stutchman ("Stutchman").

5. On or about December 8, 2009, the document requests and inspection demands and the special interrogatories were served on defendants.

6. On February 1, 2010, Defendants responded to the document requests and inspection demands. In the responses, Defendants indicated that they would allow Ciampi to inspect evidence at the police station. All of the discovery responses were forwarded to the retained expert, Stutchman, for his opinion. Stutchman was asked to review the responses and videos provided by the defendants, as well as the evidence reports and the police reports from the

2
DECLARATION OF STACY NORTH IN SUPPORT OF APPLICATION FOR ORDER PERMITTING PIERCE & SHEARER, LLP TO WITHDRAW AS COUNSEL OF RECORD AND REQUEST FOR CONTINUANCE OF TRIAL DATE AND ALL RELATED DEADLINES

C 09 02655 JF

PIERCE & SHEARER LLP
2483 E. Bayshore Road, Suite 202, Palo Alto, CA 94303
PHONE (650) 843-1900 • FAX (650) 843-1999

incident, and to inform us exactly what he would need to view at the station.

7. Stutchman was involved in two large cases (one involving the Governor of Nevada, and one involving the recent BART shooting), and he took several weeks to respond.

8. On March 11, 2010, Stutchman informed us that he would need to view manuals for various audio and video equipment before being able to inspect them at the station. I then wrote a meet and confer letter to defendants demanding the manuals.

9. We had every intention of doing whatever was required to obtain relevant evidence. However, no matter what I did, Ciampi accused me of not doing enough. There have been many other accusations.

10. Ciampi has also refused to follow our advice on several occasions, including failing to honor our request not to disclose attorney client communications.

11. There are limitations on what we can and will disclose because we do not wish to reveal attorney client confidential communications or negatively impact Mr. Ciampi's case. If necessary, we are happy to provide detailed, privileged information in an *in camera* hearing.

12. These accusations, as well as Ciampi's refusal to follow our advice, have made it unreasonably difficult for Pierce & Shearer to carry out the employment effectively.

13. Accordingly, Pierce & Shearer is requesting to be relieved as Counsel pursuant to Rules of Professional Conduct 3-700(C)(1)(d), because Ciampi's conduct renders it unreasonably difficult for Pierce & Shearer to carry out the employment effectively.

14. Pierce & Shearer is further requesting to be relieved as Counsel pursuant to Rule 3-700(C)(6), because Pierce & Shearer believes in good faith, in a proceeding before the tribunal, that the tribunal will find the existence of other good cause for withdrawal.

15. I have personally notified Ciampi of Pierce & Shearer's intent to be relieved as

3
DECLARATION OF STACY NORTH IN SUPPORT OF APPLICATION FOR ORDER PERMITTING PIERCE & SHEARER, LLP TO WITHDRAW AS COUNSEL OF RECORD AND REQUEST FOR CONTINUANCE OF TRIAL DATE AND ALL RELATED DEADLINES

C 09 02655 JF

Counsel of Record numerous times via telephone and email. The first time I notified Ciampi was March 20, 2010. The issue has been discussed countless times since then.

16. A stipulation to withdraw from representation could not be obtained because Ciampi will not consent to withdrawal, with preconditions, such as the continuance requested herein.

17. I have taken reasonable steps to avoid reasonably forseeable prejudice to the rights of the client, including giving due notice to the client and helping to obtain another attorney.

18. On April 1, 2010, I informed Steven Sherman of Ferguson, Praet & Sherman, Counsel for Defendants, that we intended to withdraw from representing Ciampi.

19. A stipulation to continue the trial date could not be obtained. On April 1, I asked Mr. Sherman if Defendants would stipulate to continuing the trial date to allow Ciampi time to find alternate representation. Mr. Sherman said that the stipulation should not be a problem, but he had to confirm with his clients. He said he would get back to me. I followed up with several phone calls and emails, but as of this filing, I have not heard back from him.

20. Ciampi has indicated that he would like to continue the trial date and all corresponding deadlines six months. This should be sufficient to allow Ciampi to find alternate Counsel.

21. Ciampi has further indicated that he has surgery scheduled April 28, 2010, and he will be recovering through May 12, 2010. Therefore, we respectfully request that if a hearing is necessary, the Court set it after May 12.

22. Accordingly, Pierce & Shearer is moving the Court to be relieved as Counsel of Record in this action.

//

//

4
DECLARATION OF STACY NORTH IN SUPPORT OF APPLICATION FOR ORDER PERMITTING PIERCE & SHEARER, LLP TO WITHDRAW AS COUNSEL OF RECORD AND REQUEST FOR CONTINUANCE OF TRIAL DATE AND ALL RELATED DEADLINES

C 09 02655 JF

23. Pierce & Shearer is also respectfully requesting a continuance of the trial date and all related deadlines, including the mediation date, six months.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 14 day of April at Palo Alto, California.

PIERCE & SHEARER, LLP

_____
STACY NORTH
Attorney for Plaintiff,
Joseph Ciampi

---

5
**DECLARATION OF STACY NORTH IN SUPPORT OF APPLICATION FOR ORDER PERMITTING PIERCE & SHEARER, LLP TO WITHDRAW AS COUNSEL OF RECORD AND REQUEST FOR CONTINUANCE OF TRIAL DATE AND ALL RELATED DEADLINES**

C 09 02655 JF