UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH CIAMPI,<br><br>            Plaintiff,<br>   v.<br><br>CITY OF PALO ALTO, a government entity; LYNNE JOHNSON, an individual; CHIEF DENNIS BURNS, an individual; OFFICER KELLY BURGER, an individual; OFFICER MANUEL TEMORES, an individual; OFFICER APRIL WAGNER, an individual; AGENT DAN RYAN; SERGEANT NATASHA POWERS, individual,<br><br>            Defendants. | Case No.: 10-CV-02655-LHK<br><br>ORDER DENYING REQUEST FOR DISQUALIFICATION, MOTION FOR ORDER OF A NEW JUDGE, AND MOTION TO VACATE AND RESET THE CASE DEADLINES AND SCHEDULE |

On August 27, 2010, Plaintiff Joseph Ciampi filed a request to disqualify the undersigned from presiding over the instant action. Plaintiff followed this request with a Motion for Order for New Judge and to Vacate and Reset Case Deadlines and Schedule, filed September 2, 2010. After carefully considering Plaintiff's request and motion, the Court is satisfied that disqualification is not warranted in this case. The Court therefore denies Plaintiff's request for disqualification and motion for a new judge. The Court also denies Plaintiff's motion to vacate and reset the deadlines and schedule in this case.

1

In light of Plaintiff's strenuous objections to the schedule as set forth in his September 2, 2010, motion, however, the Court will schedule a further Case Management Conference for Wednesday, October 20, 2010, to further consider the schedule in this case. The parties are directed to meet and confer as soon as possible to work out any revisions to the current case schedule, keeping in mind the need to move this case forward. If the parties are able to agree and stipulate to a revised schedule, they shall file a Stipulated Request for Order Changing Time pursuant to Civil Local Rule 6-2, and if the Court approves the proposed schedule, the CMC will be vacated. If the parties cannot agree upon a proposed schedule, they shall file their proposed schedules, and the reasons therefor, in a Joint Case Management Statement no later than October 13, 2010.

## I. Background

On June 15, 2009, Plaintiff filed a complaint against the City of Palo Alto and employees of the Palo Alto Police Department, alleging civil rights violations and state common law claims. The Complaint alleges that Police Department employees unlawfully used Taser guns against Plaintiff, wrongfully arrested him, and intentionally altered recordings of the incident in order to conceal the unlawful acts and to facilitate the malicious prosecution of Plaintiff in state court. The case proceeded before Judge Jeremy Fogel as presiding judge until August 2, 2010, when the case was reassigned to the undersigned Judge Lucy H. Koh.

The Court held a Case Management Conference (CMC) in this action on August 27, 2010, at 9:30 a.m. On that same date, approximately half an hour before the CMC, Plaintiff filed a request that the undersigned disqualify herself from presiding over Plaintiff's case. Pl.'s Letter in Brief and Decl. Requesting Judge Disqualification ("Pl,'s Letter"), ECF No. 47. Plaintiff's letter requests disqualification under 28 U.S.C. § 455(a) on the grounds of the undersigned's alleged former working relationship with Michael Gennaco, who conducted an investigation of Plaintiff's allegations for Defendant City of Palo Alto. Because the request had not yet been entered on the Electronic Case Filing system or delivered to chambers in hard copy, the Court was unaware of this

2

Case No.: 09-CV-02655-LHK
ORDER DENYING REQUEST FOR DISQUALIFICATION, MOTION FOR ORDER OF A NEW JUDGE, AND MOTION TO VACATE AND RESET THE CASE DEADLINES AND SCHEDULE

request at the time of the CMC.  Plaintiff did not bring his request to the Court's attention during the CMC.

On September 2, 2010, Plaintiff filed a motion requesting an order for a new judge and to vacate and reset the case deadlines and schedule.  Pl.'s Mot. for Order for New Judge and to Vacate and Reset Case Deadlines and Schedule ("Pl.'s Mot."), ECF No. 50.  This motion alleges additional grounds for disqualification.  Specifically, Plaintiff alleges that during the Case Management Conference on August 27, 2010, the Court exhibited partiality by refusing input from Plaintiff in setting the case deadlines and schedule and by setting deadlines for discovery and dispositive motions that will prejudice Plaintiff's ability to prove his case.  Pl.'s Mot. ¶¶ 3-4.  Plaintiff therefore seeks an order reassigning the case to a new judge and vacating the schedule and deadlines set during the CMC.  He also declares his consent to proceed before Magistrate Judge Patricia V. Trumbull in place of the undersigned Judge Koh.

## II.  Legal Standard

Under 28 U.S.C. § 455(a), a United States judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The goal of section 455 is "to avoid even the appearance of partiality."  *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988) (internal quotation marks omitted).  Thus, disqualification, or recusal, may be warranted even in cases where no actual partiality exists.  *Id.*  A court considering a disqualification request under section 455(a) must ask "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (internal quotation marks omitted).  The reasonable person is not "'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'"  *Id.* (quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990)).  If the reasonable person would not find a basis for partiality, a judge has an obligation to participate in the cases she is assigned.  *Id.* at 912.  The standard for recusal must not be so broadly construed that recusal becomes "mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."  *Id.* (internal quotation marks omitted).

3

Case No.: 09-CV-02655-LHK
ORDER DENYING REQUEST FOR DISQUALIFICATION, MOTION FOR ORDER OF A NEW JUDGE, AND MOTION TO VACATE AND RESET THE CASE DEADLINES AND SCHEDULE

### III. Discussion

#### a. Disqualification

##### i. Allegation of Partiality toward Mr. Gennaco

Plaintiff first alleges that the undersigned's former working relationship with a potential witness, Michael Gennaco, is grounds for recusal under 28 U.S.C. § 455(a). Mr. Gennaco formerly served as the Chief of the Civil Rights Section of the Office of the United States Attorney for the Central District of California. Pl.'s Letter ¶ 3. During that time, between 1997 and 2000, the undersigned served as an Assistant United States Attorney (AUSA) in the General Crimes, Complaints, and Major Frauds Sections of the same Office. Mr. Gennaco presently serves as an attorney at the Los Angeles County Office of Independent Review, Pl.'s Letter Ex. 9, at 9-4, and has a contractual agreement to serve as Police Auditor for the City of Palo Alto. Pl.'s Letter Ex. 10, at 10-2. In this capacity, Mr. Gennaco conducted an investigation of Plaintiff's allegations and concluded that the employees' Taser use complied with Police Department policy. Pl.'s Letter Ex. 10, at 10-2, 10-7. Plaintiff claims that this report will likely be submitted as evidence and Mr. Gennaco called to testify. Pl.'s Letter ¶ 2.

According to Plaintiff, "Judge Koh's and Mr. Gennaco's working relationship, and or close proximity of a working relationship by working out of the same U.S. Attorney's Office has the reasonable ability to convey an appearance of partiality . . . ." Pl.'s Letter 3. It is true that the undersigned judge and Mr. Gennaco worked at the same U.S. Attorney's Office for a few years. However, as detailed in the declaration filed with this Order, the undersigned judge worked in different sections of the U.S. Attorney's Office from Mr. Gennaco, never worked on any case with him, and did not socialize with him. Moreover, any professional acquaintance with Mr. Gennaco ended over 10 years ago, when the undersigned ended her tenure at the U.S. Attorney's Office. The undersigned judge has not seen or communicated with Mr. Gennaco in the last decade.

Any district judge who previously served in a U.S. Attorney's Office is likely to "see[] previous colleagues in her capacity as a judge as a matter of course." *Owen v. County of Imperial*, No. 08cv1767, 2010 WL 1222064, at *4 (S.D. Cal. 2010). The mere fact of a judge's former

4

Case No.: 09-CV-02655-LHK
ORDER DENYING REQUEST FOR DISQUALIFICATION, MOTION FOR ORDER OF A NEW JUDGE, AND MOTION TO VACATE AND RESET THE CASE DEADLINES AND SCHEDULE

acquaintance with a party or a witness through her previous employment does not constitute grounds for recusal. *Johnson v. Mitchell*, 585 F.3d 923, 923 (6th Cir. 2009) ("[A] judge need not recuse himself on the basis of prior contact with a party or a witness, as long as the judge does not have a familial, financial, or similarly close relationship with the party or witness and as long as the judge has not received out-of-court information about the case at hand."); *Owen*, 2010 WL 1222064, at *4 (finding that judge's former working relationship with defense counsel was not grounds for recusal). If this Court held otherwise, it would be nearly impossible for former AUSAs to become federal district judges, for they would be required to recuse themselves from any case in which their former colleagues served as counsel or as witnesses. In this case, there is no close relationship, financial interest, or out-of-court information acquired through Mr. Gennaco that would cause a reasonable person to question the Court's impartiality. Therefore, the mere fact that Mr. Gennaco and the undersigned judge worked at the same U.S. Attorney's Office ten years ago does not constitute grounds for recusal.

### ii. Allegations of Partiality Exhibited at CMC

In his motion filed on September 3, 2010, Plaintiff alleges further grounds for disqualifying the undersigned pursuant to 28 U.S.C. 455. Specifically, Plaintiff alleges that "[d]uring the course of the 8/27/10 Case Management Conference it became apparent that Judge Koh does in fact exhibit partiality." Pl.'s Mot. ¶ 3. According to Plaintiff, "Judge Koh refused input from Plaintiff in setting the case deadlines and schedule," and this resulted in discovery and dispositive motion dates that will prejudice Plaintiff's ability to prove his cause of action. Pl.'s Mot. ¶ 3-4.

Generally, the bias or partiality alleged under 28 U.S.C. § 455(a) must stem from an extrajudicial source. *Liteky v. U.S.*, 510 U.S. 540, 554-56 (1994); *Pesnell v. Arsenault*, 543 F.3d 1038, 1043-44 (9th Cir. 2008). Judicial rulings, opinions formed on the basis of the current proceedings, and "[a] judge's ordinary efforts at courtroom administration" do not constitute a basis for bias or partiality, except in the rare circumstances where they "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555-56.

5

Case No.: 09-CV-02655-LHK
ORDER DENYING REQUEST FOR DISQUALIFICATION, MOTION FOR ORDER OF A NEW JUDGE, AND MOTION TO VACATE AND RESET THE CASE DEADLINES AND SCHEDULE

Plaintiff filed this case on June 15, 2009.  The parties exchanged initial disclosures on October 20, 2009.  Joint Case Management Statement (JCMS) 9, Nov. 25, 2009, ECF No. 26.  Discovery has been ongoing since December 2009.  JCMS 7, Aug. 11, 2009, ECF No. 46.  On February 26, 2010, Judge Fogel set the below case schedule.  Minute Entry, Feb. 26, 2010, ECF No. 31; Pl.'s Mot. ¶¶ 10-11.  After plaintiff's counsel withdrew from the case, Judge Fogel vacated the case schedule on May 28, 2010, to give plaintiff 90 days to find new counsel and set a CMC for August 27, 2010.  Pl.'s Mot. ¶ 12.  On August 2, 2010, this case was reassigned to Judge Koh, who kept the August 27, 2010 CMC date.  Although the parties' discovery efforts have been ongoing, the parties failed to propose new case dates in their JCMS for the August 27, 2010 CMC.  After asking about both parties' discovery needs and case plans in great detail, as evidenced in the transcript of the CMC attached to this order, the Court set the following schedule:

|  | Judge Fogel 2/26/10 | Judge Koh 8/27/10 |
|---|---|---|
| Discovery deadline | September 13, 2010 | November 5, 2010 |
| Dispositive motions hearing | November 8, 2010 | January 6, 2011 |
| Trial | January 11, 2010 | February 14, 2011 |

After the schedule was set, the parties were given an opportunity to raise objections or any other issues when the Court asked "Is there anything else?"  Tr. 22.  Plaintiff did not raise objections at that time.  That Plaintiff now objects to the schedule set by the Court does not constitute a basis for bias or partiality and does not establish grounds for recusal under 28 U.S.C. § 455.

In his declaration, Plaintiff also objects to the extension granted by the Court to Defendant Johnson's deadline to reply to discovery.  Decl. of Pl. in Supp. of Pl.'s Mot. for Order for New Judge and to Vacate and Reset Case Deadlines and Schedule (Pl.'s Decl.) ¶ 7.  During the CMC, Defendants' counsel notified the Court and Plaintiff that Defendant Lynne Johnson, retired Chief of Police, is out of the country, and that counsel has been unable to reach her in order to respond to discovery requests due September 3, 2010.  Tr. 16.  Defendant asked for a 30-day extension, which

6

the Court refused to grant. Tr. 18. When it became apparent that the parties were likely to have difficulty resolving this issue on their own, the Court granted a two-week extension, but reminded counsel that Defendant Johnson is a defendant facing serious allegations who must be responsive to the lawsuit. Tr. 23-24. The Court's decision to grant a limited extension for Defendant Johnson is a judicial ruling based on the facts presented at the CMC and does not constitute grounds for recusal.

### b. Consent to Proceed before a Magistrate Judge

Pursuant to Federal Rule of Civil Procedure 73(b)(2), this Court reminded the parties of the availability of magistrate judges to conduct civil proceedings and trials at the Case Management Conference held on August 27, 2010. In his Motion for a New Judge, Plaintiff indicates that he consents to proceed before Magistrate Judge Patricia V. Trumbull. A magistrate judge may conduct a civil proceeding and trial only if all parties consent. Fed. R. Civ. Pro. 73(a). As Defendants have declined to proceed before a Magistrate Judge, Decl. of Steven A. Sherman re Defs.' Declination to Proceed Before a Magistrate Judge, ECF No. 51, the Court is not permitted to order reassignment to Judge Trumbull or any other Magistrate Judge.

### c. Motion to extend deadlines

Finally, Plaintiff also seeks to vacate and reset the case deadlines and schedule. Defendants have not stipulated to Plaintiff's request. Pl.'s Mot. ¶ 15. Plaintiff appears to base his request to reset the schedule on his assumption that he will need to file a motion to compel in order to obtain the discovery he seeks from Defendants, thus prolonging the time needed for discovery. Pl.'s Mot. ¶¶ 8, 11. At the August 27, 2010, CMC, defense counsel represented that discovery responsive to Plaintiff's counsel's discovery requests has already been produced and that supplemental discovery would be provided on September 3, 2010. Moreover, during the CMC the parties agreed that Plaintiff would inspect the original recordings. Accordingly, the Court declines at this time to extend the deadline for discovery based on Plaintiff's assumption that Defendants will not provide the information requested in good faith.

7

Case No.: 09-CV-02655-LHK
ORDER DENYING REQUEST FOR DISQUALIFICATION, MOTION FOR ORDER OF A NEW JUDGE, AND MOTION TO VACATE AND RESET THE CASE DEADLINES AND SCHEDULE

Nonetheless, the Court will schedule a further Case Management Conference for Wednesday, October 20, 2010, to further consider the schedule in this case. The parties are directed to meet and confer as soon as possible to work out any revisions to the current case schedule, keeping in mind the need to move this case forward. If the parties are able to agree and stipulate to a revised schedule, they shall file a Stipulated Request for Order Changing Time pursuant to Civil Local Rule 6-2, and if the Court approves the proposed schedule, the CMC will be vacated. If the parties cannot agree upon a proposed schedule, they shall file their proposed schedules, and the reasons therefor, in a Joint Case Management Statement no later than October 13, 2010.

### IV. Conclusion

For the foregoing reasons, Plaintiff's request for disqualification, motion for order of a new judge, and motion to vacate and reset the case deadlines and schedule are DENIED. The Court will hold a further Case Management Conference on October 20, 2010, unless the parties stipulate to a revised schedule that the Court approves before that date.

**IT IS SO ORDERED.**

Dated: September 13, 2010

_Lucy H. Koh_
LUCY H. KOH
United States District Judge