UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH CIAMPI,<br><br>    Plaintiff,<br>  v.<br><br>CITY OF PALO ALTO, a government entity; LYNNE JOHNSON, an individual; CHIEF DENNIS BURNS, an individual; OFFICER KELLY BURGER, an individual; OFFICER MANUEL TEMORES, an individual; OFFICER APRIL WAGNER, an individual; AGENT DAN RYAN; SERGEANT NATASHA POWERS, individual,<br><br>    Defendants. | Case No.: 09-CV-02655-LHK<br><br>ORDER GRANTING MOTION FOR LEAVE TO AMEND |

Currently before the Court is Plaintiff's motion for leave to file a Second Amended Complaint. Pursuant to Local Civil Rule 7-1(b), the Court concludes that this motion is appropriate for determination without oral argument. Having considering the parties' submissions and the relevant law, the Court GRANTS Plaintiff's motion for leave to amend. The Court will address the parties' contentions that amendment requires reopening discovery at the Case Management Conference set for December 16, 2010, at 1:30 p.m.

**I. Background**

On June 15, 2009, Plaintiff Joseph Ciampi, through his counsel, filed a Complaint against the City of Palo Alto and seven current and former employees of the Palo Alto Police Department,

1

Case No.: 09-CV-02655-LHK
ORDER GRANTING MOTION FOR LEAVE TO AMEND

alleging civil rights violations and state common law claims.  Plaintiff's claims arise from an incident that occurred on March 15, 2008, in which police officers shocked Plaintiff with Taser guns and arrested him.  Compl. ¶¶ 16-34.  The incident was recorded on Taser gun cameras and data ports, and also on the Mobile Audio Video System (MAV) device located on the officers' patrol car.  Plaintiff alleges that subsequent to his arrest, Defendants sought to conceal the police officers' unlawful acts and to facilitate the malicious prosecution of Plaintiff by falsifying, removing, and suppressing evidence, giving false testimony under oath, and altering recordings of the incident.  Compl. ¶¶ 35-39.

Plaintiff's counsel propounded a first set of requests for production of documents and special interrogatories in late 2009, JCMS 7, Aug. 27, 2010, ECF No. 46, and Judge Jeremy Fogel subsequently set a discovery cut-off of September 13, 2010.  On April 28, 2010, however, Plaintiff's counsel withdrew.  Plaintiff continued to propound and respond to discovery requests during the ensuing months without the assistance of counsel and has continued to represent himself in this matter.  On August 27, 2010, after the case was reassigned to the undersigned Judge Koh, the Court reset the discovery cut-off for November 5, 2010.  It appears that discovery has been extensive and rather technical, as Plaintiff is seeking to ascertain whether the original data and recordings of the March 2008 incident have been tampered with.  On September 20, 2010, Plaintiff filed a motion to compel which required extensive briefing and which Magistrate Judge Paul S. Grewal granted in part on December 13, 2010.  Order Granting-in-Part Pl.'s Mot. to Compel, ECF No. 102.

On October 25, 2010, approximately ten days before the close of discovery, Plaintiff lodged a First Amended Complaint ("FAC") without first obtaining Defendants' stipulation or seeking leave of the Court.  Amended Compl. for Violation of Civil Rights, ECF No. 73.  Defendants moved to strike the FAC, and Plaintiff initially opposed Defendants' motion.  By his motion of November 22, 2010, however, Plaintiff acknowledged his procedural error, requested that the Court strike the FAC, and moved for leave to file a Second Amended Complaint ("SAC").  Pl.'s Notice to Strike FAC and Notice of Mot. and Mot. for Leave of Court for Pl. to File an Amended Compl. ("Pl's Mot."), ECF No. 89.  The motion for leave to file a SAC is currently before the

2

1   Court. Plaintiff seeks leave to amend in order to remove certain claims and parties, add an existing

2   defendant to the defamation cause of action, more accurately describe the original allegations, and

3   to add or modify facts based on information gathered through discovery. Pl.'s Mot. 3-4.

4   Defendants oppose Plaintiff's motion on grounds that the proposed amendments are unjustified and

5   would cause undue prejudice and delay.

## II. Analysis

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. Pro. 15(a)(1). After that initial period has passed, amendment is permitted only with the opposing party's written consent or leave of the court. *Id.* 15(a)(2). Rule 15 instructs that "[t]he court should freely give leave when justice so requires."[1] *Id.* Although this rule "should be interpreted with extreme liberality, leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (internal citation and quotation marks omitted). Courts commonly consider four factors when determining whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Of these factors, prejudice to the opposing party is the most important. *Jackson*, 902 F.2d at 1387. In addition, a court may also consider whether the plaintiff has previously amended his complaint. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987). Where a court has already provided the plaintiff one or more opportunities to amend his complaint, its discretion over further amendments is particularly broad. *Id.*

---

[1] Defendants argue that the "good cause standard" for modification of a scheduling order under Rule 16 should apply to Plaintiff's motion for leave to amend, rather than the more generous standard of Rule 15. In cases where a party moves to amend or add a party after a specific deadline for filing motions or amending the pleadings, Rule 16 indeed governs, and the party must show good cause to modify the deadlines set by the court. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir.1992); *Hannon v. Chater*, 887 F. Supp. 1303 (N.D. Cal. 1995). In this case, however, neither scheduling order set a deadline for amending the pleadings, and the deadline for filing motions has not yet expired. *See Santa Clara Valley Water Dist. v. Olin Corp.*, No. C-07-03756, 2009 WL 667429, at *4 (N.D. Cal. Mar. 13, 2009) ("Because the court's case scheduling orders imposed no deadline for amending the pleadings, Olin is *not* required to show good cause for its desire to amend its counterclaim."). Moreover, as discussed below, the schedule in this case will likely require revisions whether or not leave to amend is granted. Accordingly, the Court finds that Rule 15 provides the appropriate standard in this instance.

3
Case No.: 09-CV-02655-LHK
ORDER GRANTING MOTION FOR LEAVE TO AMEND

In this case, Defendants argue that the changes proposed by Plaintiff do not justify amendment and that granting leave to amend would cause undue delay and prejudice to Defendants. On the one hand, Defendants claim that Plaintiff's proposed amended complaint offers no added substance and point out that a number of the changes – such as withdrawing specific claims and removing certain defendants from individual causes of action – may be accomplished by stipulation. For these reasons, Defendants argue that amendment is unjustified and unnecessary. On the other hand, Defendants argue that the new facts alleged in the SAC are potentially significant enough to require reopening discovery, thereby disrupting the established case schedule and causing undue delay. Defendants also claim that they have nearly finished drafting a motion for summary judgment based on the original Complaint and existing discovery. Permitting amendment, they suggest, would require Defendants to postpone and potentially rewrite their summary judgment motion, thereby causing prejudice and delay.

The Court is not insensitive to Defendants concerns. The Ninth Circuit has indicated that a motion for leave to amend filed after the close of discovery may be denied on grounds of undue delay and prejudice. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999); *Solomon v. North American Life and Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998). In this instance, however, the Court believes that leave to amend may be granted without unduly prejudicing Defendants and without creating substantial additional delay. As Defendants acknowledge, the proposed changes to Plaintiff's complaint are relatively minor. Plaintiff's proposed SAC adds more detail or provides a slightly different description of the March 2008 incident, but does not change the scope or substance of the original allegations. *Compare* Compl. ¶¶ 20-33; *with* SAC ¶¶ 18-35. Plaintiff also describes more precisely how he believes the MAV and Taser recordings of the incident were suppressed and altered, but again these changes do not significantly depart from Plaintiff's original allegations. *Compare* Compl. ¶¶ 38-39; *with* SAC ¶¶ 41-46. Finally, Plaintiff seeks to add Defendant Temores, who is already named in several causes of action, to his defamation claim. SAC at p. 15. The remainder of the changes would eliminate certain claims or remove defendants from individual causes of action. The proposed SAC thus does not assert new claims or alter Plaintiff's theory of the case; rather, it appears to be intended to

4

1   conform the pleadings to information obtained through discovery.  The additional facts alleged are
2   not so new or unexpected as to undermine Defendants' defense.  Indeed, to the extent that Plaintiff
3   seeks to revise his allegations based on discovery, Defendants have had equal access to the
4   additional facts alleged and are unlikely to be unduly prejudiced by their addition to the Complaint.

5   As for the potential delay caused by granting leave to amend, the Court notes that a number
6   of developments will likely necessitate some delay of the case schedule independent of Plaintiff's
7   motion.  The Court has already vacated the pretrial and trial dates in order to accommodate
8   mediation, and, as Plaintiff points out, Defendants now seek a trial date as late as November or
9   December of 2011.  Additionally, Magistrate Judge Grewal's order granting in part Plaintiff's
10  motion to compel requires Defendants to produce additional discovery as late as mid-January 2011.
11  Presumably both parties may wish to incorporate or refer to some of this discovery in a motion for
12  summary judgment.  Thus, it may be necessary to extend the deadline for filing dispositive motions
13  regardless of whether the Court grants leave to amend.  Furthermore, if permitting amendment
14  requires reopening discovery (an issue the Court will address at the Case Management
15  Conference), the Court believes that such discovery can be narrowly tailored to address the
16  amendments to the Complaint and will not require substantial additional time.

17  The Court acknowledges that a number of Plaintiff's proposed amendments could have
18  been made at an earlier stage of the case.  For instance, it appears that Plaintiff had notice of
19  Defendant Temores' allegedly defamatory statements when he filed his Complaint and could have
20  named him in the defamation claim at that time.  However, because Plaintiff's claim appears to rely
21  on the theory of defamation previously asserted in the original Complaint, Defendants are unlikely
22  to be prejudiced by this late addition.  Moreover, Plaintiff is a *pro se* litigant who apparently
23  believed, mistakenly, that he could amend his Complaint only once.  Pl.'s Response to Notice of
24  Mot. and Mot. to Strike Pl.'s FAC ¶ 9, ECF No. 86.  Considering Plaintiff's *pro se* status and the
25  Ninth Circuit's liberal standard for granting leave to amend, the Court is not inclined to penalize
26  Plaintiff for a delay that will not overly burden Defendants.

27  Ultimately, the Court finds that justice requires granting Plaintiff leave to file the Second
28  Amended Complaint.  As Defendants acknowledge in their Case Management Statement, the

parties' understanding of the technical aspects of Taser guns and Taser recordings has evolved and become more accurate throughout the discovery process. JCMS 6, Dec. 7, 2010, ECF No. 99. Plaintiff has not had an opportunity to amend his complaint to reflect this new information, and the Court agrees that he should be permitted to do so. The Court therefore GRANTS Plaintiff's motion for leave to file the proposed Second Amended Complaint.

The Court's decision does not mean, however, that discovery will be fully reopened and the parties permitted to pursue new lines of inquiry. Based on the limited amendments to Plaintiff's Complaint, the Court expects that the additional discovery required by the parties, if any, will be extremely limited. The Court will address whether discovery should be reopened at the Case Management Conference scheduled for Thursday, December 16, 2010. Thus, the parties should be prepared to discuss what discovery they anticipate needing, including specific categories of documents, depositions, or other forms of discovery, as well as any limits on additional discovery they believe should be imposed. The Court will not be inclined to favor requests for additional discovery that are duplicative of discovery already undertaken or which go beyond the new facts alleged in the SAC.

### III. Conclusion

For the reasons discussed above, the Court GRANTS Plaintiff's motion for leave to file the proposed Second Amended Complaint. The motion hearing set for December 16, 2010, is vacated. However, the Court will hold a Case Management Conference on December 16, 2010 at 1:30 p.m., as scheduled, in order to discuss the case schedule and the possibility of a limited reopening of discovery.

**IT IS SO ORDERED.**

Dated: December 15, 2010

_____
LUCY H. KOH
United States District Judge

6
Case No.: 09-CV-02655-LHK
ORDER GRANTING MOTION FOR LEAVE TO AMEND