UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH CIAMPI, | Case No.: C 09-02655 LHK (PSG) |
| Plaintiff, | **ORDER GRANTING MOTION TO COMPEL** |
| v. | |
| CITY OF PALO ALTO, | **(Re: Docket No. 115)** |
| Defendants. | |

Before the court is Plaintiff Joseph Ciampi's ("Ciampi") motion to compel. At oral argument and in Ciampi's reply brief, Ciampi clarified that he seeks a copy of Defendant Temores' recording and a copy of Defendant Burger's recording to be produced in the same type of file that was provided to Defendants' expert Warren Scott Page —"file copies utilizing a standard Windows file copy system . . . a bit-for-bit replication of the original file"[1]—containing the digital watermark, a March 15, 2008 date of last modification, and the original amount of memory.[2] Ciampi also requests the copies of Defendant Temores' and Burger's recordings in the possession of Eduardo Guillarte-Medina ("Gillarte-Medina").[3]

---

[1] *See* Warren Scott Page Decl. ¶ 8.0, 2/25/11 Pl.'s Response, Ex. 413 (Docket No. 131).

[2] *See* 2/25/11 Pl.'s Response at 4:23-28, 6:14-18 (Docket No. 131); FTR Hearing Audio Transcript, March 15, 2011 11:43:10-11:43:41 a.m.

[3] *See* FTR Hearing Audio Transcript, March 15, 2011, 11:43:10-11:43:41 a.m.

ORDER, *page 1*

Defendants claim that in order to make a DVD that is viewable on most commercially-available players, they have to convert the file into a format that alters the file size and removes the watermark. If they were to copy the original file using a Windows file copy system producing a bit-for-bit replication containing the watermark, Ciampi would not be able to view the video on most commercially-available DVD players. Additionally, Defendants claim that "[a]ny file stored in [their] database will show a different modification date as opposed to the file recorded in the vehicle, by the mere act of storing the file in a database." Ciampi, however, claims that files with the original modification date do exist as evidenced by the modification date of the files held by Guillarte-Medina.[4]

Furthermore, Defendants argue in their opposition brief that they need not produce the copies of the recordings being held by Guillarte-Medina because Ciampi stipulated to open the sealed envelope only after he had retained an expert to analyze the files, and he has not yet retained an expert. Alternatively, Defendants request that the undersigned be present when the envelope is opened. At oral argument, Defendants agreed to release to Ciampi the files held by Gillarte-Medina.[5]

Defendants' justifications for denying Ciampi access to the requested files are unpersuasive. There is no dispute that the requested files are relevant. There is no dispute that the requested files are not privileged. To the extent the requested files are not usable by Ciampi absent the help of an expert, that is Ciampi's problem. It does not justify denial of discovery to which Ciampi is entitled. The undersigned will not oversee a production that should have taken place without court intervention. Ciampi's motion therefore is GRANTED. Defendants shall produce the files listed above no later than April 29, 2011.

Dated: April 21, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[4] *See* 1/31/11 Pl.'s Am. Mot. Ex. 244 (Docket No. 115).

[5] *See* FTR Hearing Audio Transcript, March 15, 2011, 11:40:45-11:41:09 a.m.

ORDER, *page 2*

**Notice of this filing was automatically mailed to counsel via the court's Electronic Case Filing system.**

**A copy of this filing was mailed to:**

Joseph Ciampi
P.O. Box 1681
Palo Alto, CA
94302

Dated: April 21, 2011

                                          */s/ Chambers Staff*
                                      Chambers of U.S. Magistrate Judge Paul S. Grewal