UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH CIAMPI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF PALO ALTO, a government entity; LYNNE JOHNSON, an individual; CHIEF DENNIS BURNS, an individual; OFFICER KELLY BURGER, an individual; OFFICER MANUEL TEMORES, an individual; OFFICER APRIL WAGNER, an individual; AGENT DAN RYAN; SERGEANT NATASHA POWERS, individual,<br><br>　　　　　Defendants. | Case No.: 09-CV-02655-LHK<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION |

On May 13, 2011, Plaintiff filed a request for clarification of portions of the Court's May 11, 2011 order granting in part and denying in part Defendants' motion for summary judgment. The Court construed Plaintiff's request as a motion for leave to file a motion for reconsideration, and denied Plaintiff's request, finding that he had not met the standard for leave to file a motion for reconsideration set forth in Civil Local Rule 7-9(b). Thereafter, Plaintiff filed a second motion for leave to file a motion for reconsideration. Plaintiff seeks leave to move for reconsideration on two grounds: (1) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before issuance of its summary judgment order, and

1   (2) the emergence of new material facts allegedly presented by Defendants in their response to

2   Plaintiff's pending motion for sanctions.

3       Civil Local Rule 7-9(b) provides that on a motion for leave to file a motion for

4   reconsideration:

> The moving party must specifically show:
>
>     (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
>     (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
>     (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

    The Court has carefully reviewed Plaintiff's claim that the Court failed to consider material facts and dispositive legal arguments presented at the motion hearing. As in his prior request for clarification, Plaintiff argues that the Court erred in its ruling on Plaintiff's Fourth Amendment claims and in finding that Plaintiff may not present lay testimony analyzing video evidence to demonstrate alteration or manipulation by Defendants. The Court considered these claims in ruling on Plaintiff's request for clarification and found that Plaintiff had not presented material facts or legal arguments that would change the Court's analysis. Here, similarly, Plaintiff does not present new or overlooked facts or arguments which would have changed the Court's analysis. Moreover, to the extent Plaintiff claims that the Court's May 11, 2011 Order conflicts with the Court's "findings" at the motion hearing, the Court wishes to clarify that it did not make findings of fact or conclusions of law at the motion hearing. Accordingly, Plaintiff's argument that the Court's Order conflicts with its prior findings lacks merit.

    Plaintiff also seeks reconsideration on grounds that Defendants' response to Plaintiff's pending motion for sanctions presents new material facts that should alter the Court's ruling on Plaintiff's Fourteenth Amendment claim and its evidentiary rulings. Because the Court found that Plaintiff had not pled a *Brady* violation in his complaint, *see* Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment at 13 n.6, these new facts are unlikely to

justify reconsideration of Plaintiff's Fourteenth Amendment claim. Similarly, new facts regarding Defendants' alleged alteration of evidence are unlikely to have any impact on the Court's ruling that Plaintiff may not offer lay opinion analyzing video and audio recordings to demonstrate falsification. Nonetheless, the Court will consider these facts and evidence in ruling on Plaintiff's motion for sanctions, which is set for hearing on June 30, 2011. If, at that time, the Court determines that these new facts would affect the Court's summary judgment ruling, the Court will take appropriate action.

For the reasons discussed above, Plaintiff's motion for leave to move for reconsideration is DENIED. Barring exceptional circumstances, the Court will not consider any further motions requesting clarification or reconsideration of its May 11, 2011 summary judgment order.

**IT IS SO ORDERED.**

Dated: June 7, 2011

_____
LUCY H. KOH
United States District Judge