Plaintiff Joseph Ciampi, in pro se
P.O. Box 1681
Palo Alto, California 94302
Phone (650) 248-1634
Email: t.ciampi@hotmail.com

Plaintiff Joseph Ciampi, in pro se

FILED

2011 JUL 28  A 10: 43

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA - SAN JOSE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| JOSEPH CIAMPI<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PALO ALTO, a government entity; LYNNE JOHNSON, an individual; CHIEF DENNIS BURNS, an individual; OFFICER KELLY BURGER, an individual; OFFICER MANUEL TEMORES, an individual; OFFICER APRIL WAGNER, an individual; AGENT DAN RYAN; SERGEANT NATASHA POWERS, an individual.<br><br>Defendants. | Case No. C 09-02655 LHK (PSG)<br><br>**PLAINTIFF'S NOTICE TO COURT OF CONFLICTING CASE SCHEDULE AND COURT'S HEARING DATE; REQUEST TO ISSUE ORDER AND RE-SET CASE SCHEDULE:**<br><br>Re: Court Docs. 169 & 179<br><br>[TITLE 28 PART 1 CHAPTER 21 § 455. (a) U.S. CODE];<br>FRCiv.P. 60(b)(3)(6);<br>FRCiv.P. 5(d)(2)(B);<br>Civil L.R. 5-1<br>RE: Court Docs. 123, 125 and 155 |

   Plaintiff has filed a Motion to Disqualify Judge Koh and to strike Defs.' Motion for

Summary Judgment and to strike Judge Koh's ruling on the Motion for Summary Judgment due

---

1
**PLAINTIFF'S NOTICE TO COURT OF CONFLICTING CASE SCHEDULE AND COURT'S HEARING DATE; REQUEST TO ISSUE ORDER AND RE-SET CASE SCHEDULE.**
C 09 02655 LHK (PSG)

to violations of Federal Rules of Civil Procedure and a blatant pattern of bias decisions by Judge Koh for Defendants demonstrating a complete lack of impartiality and a prejudice toward Plaintiff, Court Documents 169, 173, 175, 176, 178 and 179.

Currently the court has issued a hearing on Plaintiff's Motion, Court Doc. 169, for September 14, 2011 the same date as the Pre-Trial Conference.

According to Judge Koh's standing orders "GUIDELINES FOR FINAL PRETRIAL CONFEENCE IN JURY TRIALS BEFORE DISTRICT JUDGE LUCY H. KOH," at least 21 days before the final Pretrial Conference, lead counsel who try the case shall meet and confer with respect to; preparation of the Joint Pretrial Statement and Preparation and exchange of pretrial materials to be served and lodged pursuant to Federal Rule of Civil Procedure 26(a)(3). In addition, at least 14 days before the Pretrial Conference, unless otherwise ordered, the parties shall lodge and serve a Joint Pretrial Statement and Proposed Order containing among other things the following: Substance of Action; Relief Sought; Undisputed Facts; Disputed Facts; Disputed Factual Issues; Agreed Statement; Stipulations; Witnesses to be called; Exhibits, Schedules, Summaries; Disputed Legal Issues and Further Discovery or Motions.  In addition, 14 days prior to the Pre-Trial Conference parties shall exchange all exhibits and file Motions in Limine.

Defendants and Plaintiff will need to have prepared a substantial amount of material by August 24, 2011 and August 31, 2011.  Currently both Plaintiff and Defendants and Defendants' counsel are preparing for trial which is set to begin on September 26, 2011 over **one issue**, "Assualt and Battery (against Defendants Temores, Burger, Wagner, and the City)", lines 4-5 of pg. 30 of Court Doc. 155.  However the issues to be tried could very well change and should change substantially according to the Court's pending ruling on Plaintiff's Motion to Disqualify Judge Koh and strike the Motion for Summary Judgment, Court Docs. 169 & 179 increasing the materials, filings and exhibits.

Plaintiff anticipates the court ruling in favor of Plaintiff on Plaintiff's motion which will result in re-instating all of Plaintiff's claims including the Fourth and Fourteenth Amendment

violations. Based upon the current case schedule, the Court's order of hearing Plaintiff's Motion on the same date of the Pre-Trial Conference is conflict with the case schedule and the beginning of the trial date of September 26, 2011.

Currently the Court's order, 178, is in conflict with the case schedule, for a decision on Plaintiff's Motion needs to be decided well in advance of the "Pre-Trial Conference" deadlines in order not to prejudice Plaintiff or the Defendants' ability to be prepared for the actual trial currently set to begin September 26, 2011. Based upon the court's decision, the number of exhibits alone could rise from 30 to 150 as an example.

In order to properly prepare for the trial and not prejudice Plaintiff or the Defendants, Plaintiff requests that the court make its ruling on Plaintiff's Motion, Court Docs. 169 and 179 a minimum of 21 days prior to the deadline established in Section "**A. Meeting and Disclosure Prior to Pretrial Conference**" and or 30 days prior to "**B. Joint Pretrial Statement and Order**," of Judge Koh's Pre-Trial Conference Guidelines. Based upon the current case schedule, Plaintiff requests that the court make its decision by August 3, 2011. This date could be pushed back should the court vacate the current Pre-Trial Conference and Trial dates resetting them to provide Plaintiff and Defendants the necessary time to prepare the issues to be tried.

Additionally, Plaintiff would like to point out that had an impartial Judge ruled accurately on Defs.' Motion for Summary Judgment and Plaintiff's Opposition to Defs.' Mot. for Summ. Judg. there was a high likelihood of Plaintiff obtaining legal representation for the remainder of Plaintiff's case, see Exh. 700. The attorney's interest in representing Plaintiff was dependant upon the Court sustaining Plaintiff's 4th and 14th amendment claims. Once the court issued its faulty order, the attorney was no longer interested in the case. Plaintiff has redacted the attorney's name out of a right to privacy, however should the court request the name of the attorney; Plaintiff can provide his name and contact information *in camera* directly to the court in order to retain the attorney's right to privacy.

It would take an attorney a minimum of three months to became familiar with all of the evidence, (MAV videos, watermarks, Warren Page, taser videos, MPEG files, taser cameras,

taser guns, Data Ports, Andrew Hinz and all of the Discovery obtained in order to be prepared for a Pre-Trial Conference and Trial). Due to the Court's bias and prejudicial ruling of Defs. Mot. for Summ. Judg. the Court has prejudiced Plaintiff's ability to obtain legal counsel. Should the Court strike Defs.' Mot. for Summ. Judg. and the Court's Order regarding the same, Plaintiff requests that the Court establish a new case schedule that will enable any potential legal representation obtained by Plaintiff the necessary time to properly prepare for a trial.

Based upon the above reasons, Plaintiff requests that the court issue an order on Plaintiff's Motion, Court Docs. 169 and 179 by August 3, 2011 or in the alternative re-set the current Pre-Trial Conference date six weeks after the court issues its order/decision on Plaintiff's Motion, Court Docs. 169 and 179.

Contingent upon the Court granting Plaintiff's Motion, Court Docs. 169 and 179 and based upon the above reasons, Plaintiff requests that the court establish a Pre-Trial Conference date a minimum of Four Months from the date that the Order is issued consistent with the time frame that was established between the Court's May 11, 2011 Order and the previously set Pre-Trial Conference date of September 7, 2011.

**To quote Judge Lucy Koh and Senator Jeff Sessions during the February 11, 2011 Senate Judiciary Hearing:**

Sessions quoting Koh:   *"Even when there is more diversity on the bench, minority judges still need to maintain the disquise of objectivity or else face challenges to their decisions."*

Koh:   *"I completely disagree that there is no objectivity. Our system of justice requires it. Litigants, parties, counsel, are entitled to objectivity and I think our rule of law would simply break down if everyone were to just insert their own personal biases, our system of justice and this Great Country exists because there is the rule of law which we all respect and I can assure you Senator Sessions that in what I have done as an officer of the court as a corporate litigator, in what I have done as an* **Assistant United States Attorney**, *as a* **Department of Justice**

*Attorney* and as a Judge I have faithfully followed the rule of law and I would not um let bias or prejudice in anyway influence my decision."

Sessions: "..the Judge takes that oath not to be a Respecter of Persons and to impartially follow the law and the facts of the case, and that's the oath that they take and that's a deep thing and if a person appearing before the bench feels the judge's personal experiences, their ethnic background, their religion, **their political philosophy** causes them not to listen fairly to their case, **not to fairly find the facts in their case,** wouldn't you agree that the whole system is in jeopardy, actually you just said the system would be in jeopardy."

Koh: "I agree with you."

Sessions: "The whole American Legal System I guess Judge (Kratt), the whole cross-examination idea, things we were taught in law school is to me based on a belief that the truth is ascertainable there is some objectivity and **the process is to try to bring the truth out and judge's rule is to allow this process to occur in a fair and objective way** and then to honestly and objectively apply those truthfully found facts to the law, would you agree with that?"

KOH: "Yes Senator Sessions**, I agree whole heartedly, one-hundred percent.**"

                                        Plaintiff

Dated: July 28, 2011                    *Joseph Ciampi*

                                        Plaintiff JOSEPH CIAMPI in pro se

Exhibit 700



# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SANTA CLARA

I, Joseph Ciampi, live in the aforesaid County, State of California; I am over the age of 18 years. My address is: P.O. Box 1681 Palo Alto, CA 94302.

On July 28, 2011 I served **PLAINTIFF'S NOTICE TO COURT OF CONFLICTING CASE SCHEDULE AND COURT'S HEARING DATE; REQUEST TO ISSUE ORDER AND RE-SET CASE SCHEDULE:** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope/package, addressed as follows:

Steven A. Sherman, Esq. Bar No. 113621
FERGUSAN, PRAET & SHERMAN
A Professional Corporation
1631 East 18th Street
Santa Ana, California 92705-7101
(714) 953-5300 Telephone
(714) 953-1143 Facsimile
Ssherman@law4cops.com

Attorney for Defendants

I placed such envelope/package for deposit, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Palo Alto, California on the same day.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 28, 2011, at Palo Alto, California.

*/s/ Joseph Ciampi*

Plaintiff JOSEPH CIAMPI in pro se