UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH CIAMPI, | Case No.: 09-CV-02655-LHK |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT; DENYING PLAINTIFF'S MOTION FOR SANCTIONS |
| v. | |
| CITY OF PALO ALTO, a government entity; LYNNE JOHNSON, an individual; CHIEF DENNIS BURNS, an individual; OFFICER KELLY BURGER, an individual; OFFICER MANUEL TEMORES, an individual; OFFICER APRIL WAGNER, an individual; AGENT DAN RYAN; SERGEANT NATASHA POWERS, individual, | |
| Defendants. | |

Plaintiff Joseph Ciampi, proceeding *pro se*, brings the instant motion to enforce a settlement agreement entered orally on the record between Mr. Ciampi and Defendant City of Palo Alto and seeking sanctions against Defendants and their attorneys. *See* ECF No. 200.

Pursuant to Civil Local Rule 7–1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing set for October 20, 2011.  Having considered the submissions of the parties and the relevant law, the Court GRANTS in part and DENIES in part Plaintiff's motion to enforce the settlement agreement.  The Court DENIES Plaintiff's motion for sanctions.

**I. Background**

Plaintiff's underlying claims arose out of an incident on March 15, 2008, that resulted in Plaintiff's arrest and the use of Taser guns against him.  The criminal charges against Plaintiff were

1

dismissed, and Plaintiff sought redress for alleged violations of his Fourth and Fourteenth Amendment rights, as well as violations of state law. A more detailed recitation of the facts is set forth in the Court's prior order granting in part and denying in part Defendant's motion for summary judgment. *See* ECF No. 155. Only those facts relevant to the instant motion are recited below.

Trial of Plaintiff's state law claims that survived summary judgment -- assault and battery, intentional infliction of emotional distress, and negligence -- was scheduled to begin on September 26, 2011. On August 9, 2011, however, the parties participated in a settlement conference with Magistrate Judge James, and reached a settlement agreement that was entered orally on the record. *See* ECF No. 189. Present at the settlement conference were Mr. Ciampi, *pro se*; Steven Sherman, on behalf of the City of Palo Alto and Officers Temores, Burger, and Wagner; and Donald Larkin, Assistant City Attorney for the City of Palo Alto. *See* Tr., ECF No. 195, at 1-2.

The transcript of the proceedings states as follows:

> THE COURT: . . . . We have reached a settlement as follows. I ask both sides to listen carefully: The defendants will be paying to the plaintiff the sum of 35,000. This is not a matter that needs to go to city counsel.
>
> So how long will it take you to -- after the settlement's been signed -- to get the payment to Mr. Ciampi?
>
> MR. SHERMAN: I'd ask for two weeks, Your Honor. It shouldn't take that long.
>
> THE COURT: All right. Each party will bear their own attorney's fees and costs. There will be a 1542 waiver, a full and complete dismissal. There will be no admission of fault, liability, or wrongdoing by either party.
>
> I think that comprises the entire agreement; is that correct, Counsel and Mr. Ciampi?
>
> MR. CIAMPI: I believe so, yes, Your Honor. Thank you.
>
> MR. SHERMAN: I believe so, Your Honor.
>
> * * *

2

Case No.: 09-CV-02655-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT; DENYING PLAINTIFF'S MOTION FOR SANCTIONS

THE COURT: Mr. Larkin, you've heard the agreement that was placed on the record. Did you understand it?

MR. LARKIN: Yes, Your Honor.

THE COURT: And you have the authority to bind the City?

MR. LARKIN: Yes, Your Honor.

THE COURT: And you do so bind the City?

MR. LARKIN: Yes, Your Honor.

THE COURT: And, Mr. Ciampi, you've heard the agreement place [sic] on the record. Did you understand it?

MR. CIAMPI: Yes, Your Honor.

THE COURT: And do you agree to be bound by it?

MR. CIAMPI: Yes, Your Honor.

THE COURT: All right. And, Counsel, you've indicated you'll send the order for dismissal and the settlement conference [sic] to Mr. Ciampi to be signed; is that correct?

MR. SHERMAN: Yes, Your Honor. What I'll do is I'll send Mr. Ciampi a request for dismissal of [sic] entire action with prejudice as well as the settlement document.

I will not file the dismissal until we have the settlement check to Mr. Ciampi. I would like to have it signed back from him, but I will not file it.

THE COURT: So this is what happened, Mr. Ciampi. You're going to get a settlement agreement, which is everything we talked about today and an order of dismissal. You need to sign the settlement agreement and sign the dismissal and send it back to them. Once you've got your check, you can call them and say you got the check, and they'll file the dismissal.

Okay?

MR. CIAMPI: Okay. The -- I guess, some clarification on "without prejudice."

MR. SHERMAN: With prejudice.

MR. CIAMPI: Or "with prejudice."

3

Case No.: 09-CV-02655-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT; DENYING PLAINTIFF'S MOTION FOR SANCTIONS

>THE COURT: Yes?
>
>MR. CIAMPI: So there's nothing that will arise as to the City placing a counterclaim on me for anything?
>
>THE COURT: No. You're done. This is it.
>
>Everything ends today, arising out of this incident. Nobody can do anything to anybody anymore.
>
>MR. CIAMPI: Okay.

*Id.* at 3-5.

On August 18, 2011, Defendants informed the Court that two issues had arisen that prevented the parties from signing a written settlement agreement. *See* ECF No. 196. Defendants stated that the parties were unable to agree over "the validity of the lien asserted by [Mr. Ciampi's former counsel,] Mr. Beauvais[,] and the ability of third-parties to file new actions against Plaintiff." *See* ECF No. 196, at 3.

On September 1, 2011, the parties returned to Magistrate Judge James in an attempt to resolve these remaining issues. *See* ECF No. 203. The issue regarding the lien has apparently been resolved, but the parties still dispute the scope of the agreement and Mr. Ciampi's ability to file suit against third parties. *See* Mot. 2. On September 12, 2011, Plaintiff filed the instant motion to enforce the settlement agreement.

## II. Legal Standard

This Court has inherent power to summarily enforce a settlement agreement in a case pending before it. *See MetroNet Servs. Corp. v. U.S. West Commc'ns*, 329 F.3d 986, 1013-14 (9th Cir. 2003) (citing *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994)), *cert. granted and judgment vacated on other grounds by Qwest Corp. v. Metronet Servs. Corp.*, 124 S. Ct. 1144 (2004). An "oral agreement is binding on the parties, particularly when the terms are memorialized into the record," and "even if a party has a change of heart [after agreeing] to its terms but before the terms are reduced to writing." *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1138 (9th Cir. 2002) (quoting *Sargent v. HHS*, 229 F.3d 1088, 1090 (Fed. Cir. 2000); *In re Christie*, 173 B.R. 890, 891 (Bankr. E.D. Tex. 1994)).

4

Case No.: 09-CV-02655-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT; DENYING PLAINTIFF'S MOTION FOR SANCTIONS

**III. Analysis**

    A.  Settlement Agreement

The parties do not dispute, and the Court finds, that the parties reached a binding oral agreement that was memorialized on the record before Magistrate Judge James on August 9, 2011. *Compare* Mot. 2, *with* Opp'n 2.  The parties also agree that the material terms agreed to in court are as follows: (1) payment by the City to Ciampi of $35,000, inclusive of costs and attorneys' fees; (2) a general release with a waiver of Civil Code section 1542; (3) a full and complete dismissal; and (4) no admission of fault, liability of wrongdoing by either party."  *Compare* Reply 3, *with* Opp'n 4.  The parties disagree, however, over how these terms should be reduced to writing. Plaintiff and Defendants both seek to write in clarifying language to the terms agreed to orally.

Plaintiff argues that Defendants are attempting to write in language that includes non-party/third-party entities and persons with whom Plaintiff did not settle.  Specifically, Plaintiff takes issue with the inclusion of language in a proposed written agreement that releases all claims against the City of Palo Alto's "past and present agents, servants, employees, directors, contractors, and representatives."  Reply 2; Mot. Ex. 910, City of Palo Alto's Proposed Agreement ¶¶ 6, 7. Plaintiff believes that Defendants seek to include this language to preclude him from initiating suits against Taser International, Kustom Signals, Andrew Hinz, and Warren Page.  Plaintiff states that had he "been informed that he was settling any claims against Taser International, Kustom Signals, Andrew Hinz, Warren Page, or Michael Gennaco, then Plaintiff would not have settled the case." Mot. 7.

Plaintiff proposes to enforce the agreement as orally agreed to, Mot. 22, but seeks to add clarifying language making it explicit that he is not releasing his claims against non-party/third-party entities and persons.  Specifically, Mr. Ciampi seeks to add the following paragraph: "4. Third Party Claims.  It is hereby acknowledged and agreed to by CITY and CIAMPI that there were no third parties present during the August 9, 2011 Settlement Conference.  It is hereby acknowledged and agreed to by CITY and CIAMPI that no third party claims were settled during the August 9, 2011 Settlement Conference.  It is hereby acknowledged and agreed to by CITY and

5

Case No.: 09-CV-02655-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT; DENYING PLAINTIFF'S MOTION FOR SANCTIONS

1   CIAMPI that CIAMPI retains all of his rights to sue third parties. These third parties include but
2   are not limited to; Taser International, Andrew Hinz, Kustom Signals, Warren Page, Michael
3   Gennaco and Steven Sherman." Mot. Ex. 911, Plaintiff's Proposed Agreement ¶ 4. Alternatively,
4   Plaintiff proposes an agreement that releases claims against the City and "any and all employees of
5   the CITY for whom the CITY is liable for [sic] who could have been named as defendants in Case
6   No. C09-02655 or named in any litigation that could arise out of the March 15, 2008 incident."
7   Reply Ex. 927 ¶ 6.

8   Defendants also seek "compliance with those settlement terms agreed to and acknowledged
9   on the record, which include a full release and dismissal of this action with prejudice." Opp'n. 2.
10  Defendants agree with Plaintiff that the "scope of the release was not intended to preclude future
11  actions against third parties." *Id.* Defendants argue, however, that the settlement was intended to
12  include the City, "which necessarily includes any person acting on behalf of the City, including the
13  City's past and present agents, servants, employees, directors, contractors, and representatives."
14  *Id.* Defendants contend that their proposed written settlement agreement "tracks exactly the
15  agreement reached between Ciampi and the City stated in open court." Opp'n 4. Defendants argue
16  that their proposed language releasing claims against the City's "past and present agents, servants,
17  employees, directors, contractors, and representatives," is based on Magistrate Judge James's
18  statement that "This is it. Everything ends today, arising out of this incident. Nobody can do
19  anything to anybody anymore." Tr. 5:9-10. Accordingly, Defendants request that the Court
20  compel Plaintiff to sign Defendants' proposed written settlement agreement.

21  The Court agrees with Plaintiff that Defendants' proposed written agreement impermissibly
22  seeks to add terms that were not agreed to orally on the record. While it is true that the Ninth
23  Circuit in *Doi* enforced terms of a written settlement agreement that were broader in scope than the
24  specific terms orally agreed to in open court, the parties had orally agreed to spell those terms out
25  in a written settlement agreement. *Doi*, 276 F.3d at 1139. Additionally, the objecting party in *Doi*
26  agreed that the "written agreement was consistent with the terms of the agreement placed on the
27  record in open court." *Id.* at 1139-1140. Here, by contrast, the Court stated that Defendants would
28

1   send Plaintiff "a settlement agreement, which is everything we talked about today and an order of

2   dismissal." Tr. 4:21-22.  Unlike in *Doi,* nothing in the record here indicates that the parties agreed

3   that the written agreement would spell out the scope of the term "City."  Moreover, Plaintiff has

4   consistently maintained that the Defendants' proposed written settlement agreement is inconsistent

5   with the agreement placed on the record in open court.

6         *Ambat v. City and County of San Francisco*, a case neither party cites, is instructive here.

7   There, as here, "the record does not indicate that the parties agreed to enter into a written settlement

8   agreement that differed in any way from the oral settlement agreement that was memorialized on

9   the record, which the parties agree is binding."  No. 7-CV-3622-SI, 2011 WL 2118576, at *4 (N.D.

10  Cal. May 27, 2011).  Accordingly, Judge Illston did "not order that plaintiffs accept language about

11  release of claims in a proposed, written settlement agreement that was not in the oral agreement."

12  *Id.* at *6.  The conclusion that is supported by the record here is that the parties did not negotiate

13  whether the scope of the release encompassed the City's "past and present agents, servants,

14  employees, directors, contractors, and representatives."  Even if it were true that the term "City"

15  necessarily includes these sets of individuals, a proposition for which the City provided no support,

16  "the Court will not order the parties to include this as a term in any written settlement agreement."

17  *See id.* at *9.

18        The Court finds Judge Illston's opinion persuasive and hereby ORDERS as follows:  If

19  seven days after the issuance of this Order, Plaintiff and Defendants are unable to agree to a form

20  of written settlement, then the parties shall sign the transcript of the August 9, 2011 Settlement

21  Conference to indicate their approval of the oral settlement.  Defendants shall issue payment within

22  three days of the parties' signing a written settlement agreement or the Settlement Conference

23  transcript.  The parties shall immediately file their stipulation of dismissal after Plaintiff has

24  received payment.

25        B.  Sanctions

26        Plaintiff also moves for sanctions pursuant to Federal Rule of Civil Procedure 37, alleging

27  that Defendants' Counsel committed extortion by threatening Plaintiff with sanctions if he did not

28

7

Case No.: 09-CV-02655-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT; DENYING PLAINTIFF'S MOTION FOR SANCTIONS

United States District Court
For the Northern District of California

sign Defendants' proposed written settlement agreement, and that Defendants committed fraud and violated Federal Rule of Civil Procedure 26 by not providing the fee schedules and contracts between the City of Palo Alto and Andrew Hinz and Warren Page. Mot. 23-25. Plaintiff also argues that sanctions in the form of costs and attorney's fees are appropriate where a party incurs needless time and expense in filing a motion to enforce a settlement agreement that was made on the record. Reply 14 (citing *Armstrong v. City and Cty. of San Francisco*, 1-CV-2611-VRW-MEJ, 2004 WL 2713068 (N.D. Cal. June 15, 2004)).

Plaintiff has failed to comply with Civil Local Rule 7-8, which requires "any motion for sanctions, regardless of the sources of authority invoked" to "be separately filed." Moreover, a sister court in this district has noted that "setting a deadline by which to accept a settlement offer is not a wrongful act" and that "hard bargaining is acceptable, even desirable, in our economic system." *Verdona v. Cal. Dep't of Forestry and Fire Protection*, No. 99-CV-5244-MMC, 2002 WL 1578879, at *5 (N.D. Cal. July 12, 2002)). By stating that they would move to enforce the settlement agreement and seek sanctions if Plaintiff did not sign Defendants' proposed written agreement, Defendants merely gave Plaintiff "a voluntary choice of perfectly legitimate alternatives." *Id.* at *5. Moreover, the Court finds that Defendants' insistence on imposing their definition of "City" in their proposed written settlement agreement, while incorrect, was not unreasonable. Accordingly, the Court declines to impose sanctions at this time.

**IV. Conclusion**

For the reasons discussed above, the Court GRANTS in part and DENIES in part Plaintiff's motion to enforce settlement agreement. The Court DENIES Plaintiff's motion for sanctions.

**IT IS SO ORDERED.**

Dated: October 17, 2011

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

8
Case No.: 09-CV-02655-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT; DENYING PLAINTIFF'S MOTION FOR SANCTIONS